Orr v. The People.

## Harry B. Orr and John B. Saddler v. The People of the State of Illinois.

1. Conspiracy—*What is Indictable.*—It is indictable for two or more persons to conspire to do an unlawful act by any means, and also to conspire to do any act by unlawful means.

2. Same—*Gist of the Offense.*—The purpose in view in forming the conspiracy, does not constitute the offense. The purpose being unlawful, the conspiracy formed to effect it becomes itself unlawful and is indictable and punishable.

3. Same—*Requisites of the Offense.*—Many acts which, if done by an individual, are not indictable, are punished criminally, when done in pursuance of a conspiracy by two or more persons.

4. Merger—*In Criminal Offenses.*—There can be no merger of a conspiracy in the offense of obtaining money by false pretenses. Both offenses are misdemeanors, punishable either by fine or imprisonment, or both, and in such cases there can be no merger.

5. Evidence—*In Criminal Cases.*—Any evidence which tends to prove the issue is competent, notwithstanding it may be injurious to the defendant and may tend to prove distinct offenses against him.

Indictment.—Conspiracy. Error to the Criminal Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

W. N. Gemmill, attorney for plaintiffs in error.

A false pretense is such a fraudulent representation of an existing or past fact by one who knows it not to be true, as is adopted to induce the person to whom it is made to part with something of value. 2 Bishop on Criminal Law, 415; Jackson v. The People, 126 Ill. 149. See also Commonwealth v. Jackson, 132 Mass. 16; Bishop v. Small, 63 Me. 1;

Mooney v. Miller, 102 Mass. 217; Heffron, 84 N. C. 751; State v. Webb, 26 Ia. 262; Smith v. The State, 55 Miss. 513; Reg. v. Williamson, 11 Cox. C. C. 328; 2 Bishop on Criminal Law, Sec. 429; People v. Blanchard, 90 N. Y. 314; Commonwealth v. Moore, 99 Pa. St. 574; State v. Tomlins, 5 Dutcher 13.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The plaintiffs in error were jointly indicted for conspiracy to obtain money, etc., by false pretenses, from one John M. Gray, and him to cheat and defraud; and upon trial by a jury were found guilty as charged, and the plaintiff Saddler was sentenced to one year in the penitentiary, and the plaintiff Orr to two years in the penitentiary. From 'such judgment this writ of error is prosecuted:

Neither the state's attorney nor any one else on the part of the people follows the case into this court, and we are compelled to examine, unaided, a voluminous record to determine the validity, or otherwise, of objections urged against the judgment.

According to the testimony of Gray, the prosecuting witness, he came to Chicago in May, 1893, to visit the World's Fair, and desired to make his expenses by going into some kind of business with the aid of a little money he had saved up.

The plaintiffs in error were at that time conducting a retail grocery business at No. 6148 South Halsted street, in Chicago, under the name of the Orr & Saddler Company, and were contemplating the establishment of another like business at 6855 the same street, which the court, by general knowledge, knows is a little less than one mile distant, and south from the first named location. In response to an advertisement by plaintiffs in error, inserted in a newspaper and seen by Gray, the latter wrote a letter which resulted in the plaintiff Orr calling to see Gray at his place of residence. Gray and Orr there had some conversation, concerning the details of which they disagree, but in the course of the talk, Orr invited Gray to call upon him and Saddler

at their place of business, No. 6148 South Halsted street, and Gray did so on the following morning, and there met them both.

During the period of the next fortnight or more, frequent interviews between Gray and the plaintiffs in error, either singly or alone, took place, and Gray was often at their place of business and at the proposed location of the new business, but no agreement was reached between them.

Finally, however, and a few days before the middle of June, it was agreed between them that Gray should become a stockholder to the extent of four hundred dollars in a new corporation that plaintiffs in error, together with one or two other persons, were organizing for the purpose of carrying on the contemplated new business at No. 6855 South Halsted street, and it was also agreed that Gray should be employed in such new business at a weekly salary of fifteen dollars from June 15, 1893. Gray thereupon paid to Orr the sum of four hundred dollars, and took from Orr a written agreement that he should receive eight shares of full paid stock in the corporation, when organized, and be employed as stated, and, later, Gray received the shares of stock and was given the employment, and continued in it, and was paid the stipulated salary until he was discharged on the 19th of July following.

The new corporation was organized under the name of Dainton & Company, and Orr was made its president, and Saddler its secretary. Who the directors were is not disclosed, but Gray was not one.

The business was opened before the corporation was completely organized, by the contribution of a stock of goods by Orr and Saddler, but no profits were made, and because of an indebtedness created on open account to the Orr & Saddler Company, to the amount of between five and six hundred dollars, a judgment note was given by the corporation of Dainton & Company to one to whom the account due to the Orr & Saddler Company had been assigned, and the entire stock in trade belonging to Dainton & Company was sold under execution issued upon a judgment confessed upon said note, and the business was thus closed up.

The judgment creditor became the purchaser of the stock of goods at the execution sale, and stored them for a couple of months in the basement of the Orr & Saddler Company, and then sold them to that company for between five and six hundred dollars.

The case is argued here in behalf of the plaintiffs in error upon the theory that it is one of obtaining money by false pretenses.

But such is not the correct theory, or view, of the case.

The gist of the offense charged by the indictment is the unlawful conspiracy.

The conspiracy that is alleged had for its object an unlawful purpose, which was, to wit : The obtaining of Gray's money by false pretenses, and unlawfully him to cheat and defraud.    Johnson v. People, 22 Ill. 314.

It is indictable for two or more persons to conspire to do an unlawful act by any means, and, also, to conspire to do any act by unlawful means.    Smith v. People, 25 Ill. 17.

The purpose in view in forming the conspiracy did not constitute the offense.    That purpose being unlawful, the conspiracy formed to effect it became itself unlawful, and was indictable and punishable.

" That many acts which, if done by an individual, are not indictable, are punished criminally when done in pursuance of a conspiracy among numbers, is too well settled to admit of controversy."    The State v. Rowley, 12 Conn. 101.

And so it was said by Grose, J., in The King v. Mawbey, 6 Term Rep. 536.

" In many cases an agreement to do a certain thing has been considered as the subject of an indictment for a conspiracy, though the same act, if done separately by each individual without any agreement among themselves, would not have been illegal."

Nor was there, as argued, a merger of the conspiracy in the false pretense.    Both offenses under our statute are misdemeanors, punishable either by fine or imprisonment, or both, and in such cases there can be no merger. . Wharton's Criminal Law (9th Ed.), Sec. 1346; 1 Bishop's New Criminal Law, Sec. 814.

It is not necessary to reproduce the evidence about which there was any substantial dispute. There was much of it, but we think that considered all together, it justified the conclusion reached by the jury of the guilt of the plaintiffs in error.

It is objected that it was error to admit the testimony of the witnesses Baird and Seifert concerning transactions had with them by the plaintiffs in error. .

They were each induced, at about the same time, by similar advertisements and representations made by the plaintiffs in error as were employed and made to Gray, to take stock in the same proposed corporation of Dainton & Company, and receive employment in the business, and we think their evidence was properly received.

It may be regarded as settled that " any evidence which tends to prove the issue is competent, notwithstanding that it may be injurious to the defendant and may tend to prove distinct offenses against him." McDonald v. People, 25 Ill. App. 350; Ochs v. People, 124 Ill. 399.

The judgment of the Criminal Court is therefore affirmed.