CASE 67.—INDICTMENT AGAINST JAKE ELLIS AND OTHERS FOR CONSPIRING TO INTIMIDATE ANOTHER.— Feb. 2, 1909.

## Commonwealth v. Ellis, &c.

Appeal from Calloway Circuit Court.

THOS. P. COOK, CIRCUIT JUDGE.

On a separate trial of Ellis the jury failing to agree were discharged by the court and the Commonwealth certifies questions to the Court of Appeals which certifies its answers to the trial court.

1.  Conspiracy—Trial—Instructions.—Instructions, in a prosecution for conspiracy, held correct.
2.  Conspiracy—Intimidation—Admissibility of Evidence.—On a trial for conspiracy to intimidate a certain person, a witness for the commonwealth on direct examination was asked whether or not the person, who came to see him at the time defendant said he would have a person there, told him to turn off the switch that night, and answered in the affirmative. Held, that the question and answer were competent.

3. Conspiracy—Intimidation—Admissibility of Evidence.—On a trial for conspiracy to intimidate a certain person, the court properly excluded a part of an answer of a witness for the commonwealth as to what was told him by one he called "John"; the latter not being a defendant, and there being no evidence that he belonged to the band, or any explanation as to who he was, or as to what connection he had with the case.

4. Conspiracy—Evidence of Defendant's Connection with Conspiracy.—In a prosecution for conspiracy, it must first be shown that defendant was a member of the band by which the intimidation was accomplished, but such evidence need not be direct or positive, and may be made up of isolated or fragmentary facts.

5. Conspiracy—Responsibility for Acts and Declarations of Co-Conspirators.—When a defendant's guilty connection with a conspiracy is established, he is chargable for all the acts and declarations of his co-conspirators made during its existence and in carrying it forward to its unlawful ends.

6. Criminal Law—Evidence—Declarations of Conspirators.—It cannot be shown that defendant belonged to a band of conspirators by hearsay declarations of the conspirators themselves.

7. Conspiracy—Issues and Proof—Where a charge of conspiracy is limited to a single act of the conspirator to intimidate a certain person, the court properly excluded evidence of illegal or wrongful acts done subsequently by a band with whom defendant was not charged to be in concert or collusion.

8. Indictment and Information—Limitation of Proof to Charge.—The evidence must be limited to establishing the charge made in the indictment.

9. Crminal Law—Evidence—Acts and Declarations of Co-Conspirators.—After the consummation of the conspiracy, the acts and declarations of the co-conspirators do not bind each other.

10. Criminal Law—Evidence—Competency of Notes Found on Prisoner.—Notes found on accused while confined in jail with other prisoners, and which he attempted to pass to a visitor, and which showed the writers were preparing to arrange for alibis at their trial were competent evidence against him.

11. Criminal Law—Trial—Discretion of Court — Separation of Witnesses. — The exclusion of witnesses from the courtroom is largely a matter of discretion with the trial court, and parties who do not desire to suffer by operation of the rule for the separation of witnesses should exercise some diligence in seeing that their witnesses obey it.

JAS. BREATHITT, Atty. General and TOM B. McGREGOR, Asst. Atty. General for Commonwealth.

SPEIGHT & ACREE for appellees.

OPINION OF THE COURT BY JUDGE BARKER, Certifying the Law.

The grand jury of Calloway county returned an indictment against the appellees, Jake Ellis, Will McClure, and Henry Taylor, charging them with conspiring together for the purpose of intimidating Mose Thornton, which indictment is as follows: ''The grand jury of Calloway county, in the name and by the authority of the Commonwealth of Kentucky, accuse Jake Ellis, Will McClure, and Henry Taylor of the crime of willfully confederating and banding together for the purpose of intimidating, alarming, and disturbing another, committed in the manner and form as follows, to-wit: That said Ellis, McClure, and Taylor did in the county and State aforesaid, on the —— day of ———, 1908, and before the finding of this indictment, willfully and feloniously and corruptly confederate, agree, and enter into a conspiracy with each other, and with divers others to the grand jury unknown, for the purpose of intimidating, alarming, and disturbing Mose Thornton, and, in pursuance of said conspiracy theretofore entered into as aforesaid, did then on the —— day of March, 1908, willfully and feloniously confederate and band themselves together and with each other, and go forth with said unknown persons for the purpose of intimidating, alarming, and disturbing said Thornton, and they did then and there by arms and threats call him, the said Thornton, out of his house, and order him to raise a crop of tobacco this year, 1908, to his great disturbance, intimidation, and alarm, against the peace and dignity of the Commonwealth of Kentucky.'' To this indictment the defendants pleaded not guilty, and, the case being called for trial, they demanded a severance, whereupon the Commonwealth elected to try Jake Ellis; and, a jury being impaneled, the case was tried, with the result that the jury were unable to reach a verdict,

and was discharged by the court from further consid-
eration of the case.   Thereupon the Commonwealth
certified to this court the question of the sufficiency
of the instructions given by the trial court, and also
certain other questions of law concerning the admis-
sion and rejection of evidence, and asked a ruling
thereon.

Both parties demanded of the trial court that he in-
struct the jury upon the whole law of the case, and he
thereupon instructed the jury as follows:

"(1) The court instructs the jury that a criminal
conspiracy, as charged in the indictment herein,
means a corrupt combination or agreement between
two or more persons to do by concert of action an
unlawful act, or to do a lawful act by unlawful means.

"(2) The court further instructs the jury that, if
they believe from the evidence in this case beyond a
reasonable doubt that in this county, and before the
finding of the indictment herein, the defendant Jake
Ellis did unlawfully, willfully, and feloniously con-
spire and confederate with his codefendants, Will Mc-
Clure, Henry Taylor, and other persons to the grand
jury unknown, or any one of said codefendants, Mc-
Clure or Taylor, or with some other person, or per-
sons, to the grand jury unknown, for the purpose of
intimidating, alarming, or disturbing the witness
Mose Thornton, and, in pursuance of said conspiracy
and confederation or banding together, the defendant
Jake Ellis, with any one or more of the defendants,
Will McClure or Henry Taylor, or with any other per-
son or persons to the grand jury unknown, acting with
him and he with them, did in pursuance of said agree-
ment or confederation go forth for the purpose of
alarming, disturbing, or intimidating said Thornton,
they will find the defendant guilty as charged in the

indictment, and fix his punishment at confinement in the State penitentiary for not less than one year, nor more than five years, in their discretion.

"(3) The court further says to the jury that, if they believe from the evidence beyond a reasonable doubt that in this county, and before the finding of the indictment herein, the defendant Jake Ellis did unlawfully, willfully, and feloniously conspire and confederate with Will McClure, Henry Taylor, or other persons to the grand jury unknown, or with any one or more of them, or with some other person, or persons, to the grand jury unknown, for the purpose of alarming, intimidating, or disturbing Mose Thornton and in pursuance and execution of said conspiracy or confederation the codefendants, Will McClure, Henry Taylor, or other person, or persons, to the grand jury unknown, or any one or more of said defendants, or any one or more of said unknown parties with whom defendants did conspire and confederate (if he did so conspire and confederate with any one or more of them), acting in pursuance of said conspiracy or confederation, did unlawfully, willfully, and feloniously go forth for the purpose of intimidating, alarming, and disturbing said Mose Thornton, and shall further believe from the evidence that defendant did not go forth with his codefendants, McClure or Taylor, or either of them, nor with said unknown person, or persons, and was not present, but was absent at the time and place of the going forth, they will find him guilty as charged in the indictment, if they believe from the evidence beyond a reasonable doubt that he did so unlawfully, willfully, and feloniously confederate and conspire with Will McClure, Henry Taylor, or either of them, or with other person, or persons, to the grand jury unknown, or with any one or more of them for

the purpose of alarming, intimidating, or disturbing
Mose Thornton, and they will fix his punishment at
not less than one year, nor more than five years, in
their discretion.

"(4) The court further says to the jury, if they be-
lieve from the evidence that the witnesses J. L. Whit-
lock, Clarence Dyzer, W. B. Stewart, and Will Ingram
did willfully, unlawfully, and feloniously conspire or
confederate with the defendants, Jake Ellis, Will Mc-
Clure, Henry Taylor, or any one of them, or with
other person, or persons, to the grand jury unknown,
for the purpose of intimidating, alarming, or disturb-
ing the said Mose Thornton, then they or such one or
ones of them as did so unlawfully, willfully, and fel-
oniously conspire or confederate for said purpose of
alarming, intimidating, or disturbing the said Thorn-
ton, is an accomplice, or accomplices, in the crime
charged in the indictment, and the jury cannot con-
vict the defendant upon the testimony alone of such
accomplice, or accomplices, unless same be corrobo-
rated by other evidence in this case tending to connect
the defendant Jake Ellis with the crime charged in
the indictment, and such corroboration is not suffi-
cient if it merely shows that the offense was commit-
ted, and the circumstances thereof.  But the court
further says to the jury that, if they believe from the
evidence beyond a reasonable doubt that the witnesses
J. L. Whitlock, Clarence Dyzer, W. B. Stewart, and
Will Ingram, or any of them, did not willfully or vol-
untarily conspire or confederate with the defendants,
Jake Ellis, Will McClure, or Henry Taylor, or with
any other person or persons to the grand jury un-
known, but shall further believe from the evidence
beyond a reasonable doubt that they, or any of them,
were present at the time and place of such unlawful,

willful, and felonious confederation or conspiracy for the purpose of alarming, intimidating, or disturbing said Thornton, and shall further believe from the evidence beyond a reasonable doubt that said witnesses, or any of them, did not willfully and voluntary go forth for the purpose of alarming, intimidating, or disturbing the said Thornton, with said defendants, or any one or more of them, nor with said unknown person, or persons, or any one or more of them, but were forced and compelled against their will to so conspire and to go forth for the purpose named above, then they or such of them as were so forced or compelled against their will to conspire or confederate with the parties named above, or any of them, would not be accomplices, and their testimony should be received and considered as the testimony of other witnesses.

"(5) The court further says to the jury that the law presumes the defendant to be innocent until he is proven guilty beyond a reasonable doubt; and, if upon the whole case the jury entertain a reasonable doubt or a reasonable doubt as to any fact necessary to establish his guilt, then he is entitled to an acquittal, and the jury should find him not guilty."

As an exposition of the law of the case we think the foregoing instructions are above criticism; but, on another trial, we suggest that the learned trial judge add to No. 5 an explanation that the facts which would warrant the conviction of the defendant are those so aptly stated in instructions 2 and 3. Ordinarily this precaution would not be necessary; but, as this prosecution is under a statute not often enforced in this State, and as the offense which is charged in the indictment involves the establishment of a multitude of facts along with which will come unavoidably a vast

deal of immaterial matter, we think, as a matter of precaution, lest the jury should be confused, that the suggestion above made be followed.

In the direct examination of the witness Whitlock, he was asked whether or not the person who came to see him at the time Ellis said he would have a person there told him to turn off the switch that night, to which the witness answered, "Yes, sir; he told me to." The Commonwealth in its brief insists that the court ruled out this question and answer, but we do not so understand it. The record shows that, when the defendant objected to it and moved to exclude it, the Commonwealth offered to withdraw the question and answer. The motion to exclude the whole of the witness' testimony was properly overruled, and we do not understand that the court excluded the question and answer above stated. It was clearly competent, and we see no reason for the withdrawal of it by the Commonwealth. The record, however, leaves us in some doubt as to whether it was withdrawn, although it shows that the Commonwealth offered to withdraw it. The court did exclude a part of an answer by this witness as to what some one he called "John" told him. As John was not one of the defendants in the case, and there is no evidence that he belonged to the band known as the "Night Riders," or any explanation as to who he was, or what connection he had with the subject-matter under investigation, the court was clearly right in excluding what he said.

The remaining objections of the Commonwealth to the admission and rejection of testimony fall into three classes, and, without alluding to the testimony specifically, we can dispose of the objections by dis-

cussing them in a general way in the classes into
which they naturally fall.

. The Commonwealth sought to show by several wit-
nesses that other members of the night riders told
them that the defendant Jake Ellis was a night rider.
All of these declarations were merely hearsay, and
were not admissible to show that the defendant be-
longed to the band of conspirators mentioned. The
rule is elementary that, where a defendant is charged
with being a conspirator, evidence must be first
shown which, in the absence of contradictory evi-
dence, would establish that he was a member of the
band. This evidence may not be direct or positive
in its nature, and it may be made up, as it usually is,
of isolated or fragmentary facts and circumstances
which, when placed together, establish the guilty con-
nection. When this is done, the defendant is charge-
able with legal responsibility for all the acts and
declarations of his co-conspirators made during the
existence of the conspiracy and in carrying it forward
to its unlawful ends. But this is not the question here.
Here it was sought to be shown that the defendant be-
longed to the band of conspirators, by hearsay decla-
rations of the conspirators themselves. This evi-
dence, as said before, is clearly incompetent, and the
trial judge correctly excluded it.

The second class of the objections made by the
Commonwealth is that the court excluded all evi-
dence of illegal and wrongful acts done subsequent to
the outrage perpetrated upon Mose Thornton. It
will be observed that the indictment charges the de-
fendant with being guilty, with others, of a con-
spiracy to intimidate Mose Thornton. The charge
goes no further than this. It is limited to this one
act. Now it would be clearly erroneous to permit

evidence of acts done by a band of men with whom the defendant is not even charged as being in concert or collusion. So far as the charge in the indictment is concerned, the object of the conspiracy was consummated in the intimidation of Mose Thornton. The evidence must be limited to establishing the charge made in the indictment. It can take no wider range than the indictment warrants. If the Commonwealth chose to limit the range of the charge against the defendant to the conspiracy to intimidate Mose Thornton, the defendant had a right to believe, and to rely upon that belief, that he would be required to meet only this charge, and to rebut evidence of the Commonwealth against him tending to establish this charge. After the consummation of the conspiracy the acts and declarations of the co-conspirators do not bind each other. It is only while the conspiracy is in progress of consummation that each conspirator is bound by the acts and declarations of all who are in concert with him to perpetrate the unlawful act. Therefore the trial court was clearly right in excluding all testimony of acts done and declarations made subsequent to the outrage charged in the indictment.

The third objection of the Commonwealth relates to certain notes found on the defendant Ellis while in jail. A. S. Brooks, who held the position of city marshal of Murray, was introduced by the Commonwealth, and testified that he went to the jail with Joe Bell, who ostensibly desired to give Ellis, and certain other prisoners in jail with him, some tobacco; that while standing at the window putting the tobacco through the bars, the prisoners "started to poke some notes through the bars. Mr. Bell went to take them, and saw me looking at them ,and he dropped his hand by his side, and wouldn't take them, and they fell on

the floor." Afterward L. W. Holland, a policeman, testified that he searched Jake Ellis while in jail and found the notes in his pocket. The witness had the notes in his possession, and the Commonwealth offered to introduce them in testimony. Upon objection the court ruled them out. They were, however, filed with the stenographer for the purpose of testing their competency in this court. They are as follows:

No.1: "Go to Bud Hall and tell him and Elbert Hall and Bruce Holland to say that me and Bob Duncan was at my home Wednesday night, April the first. (Signed) D. E. Thompson.

"And for Bruce to say the same and say my wife was sick on that night."

No. 2: "Joe you go to old Wilce Reeds and tell him to swear that I come to his house the night of the 26 of March to rent some land I was gone about 1 hour and a half and I got Fan Ellis to stay with Ella & the children while I went down hire and I told them that was going down hire rent some land and they will sware that and I want Reed to swear that I was thire on that date & I will come through all right. You press that man clost on that. (Not signed.)"

No. 3: "Dr. Blaylock and Clay Garland and I want you for witness. You know that you was at my house on that date to see my baby on the 23rd of March. (Signed) H. C. L."

No. 4: "Joe you post father and sister to swear that I was at home on the 23 of March. (Signed) damas m."

We think these notes were competent evidence against the defendant Ellis. They tell their own story, and show that the writers were preparing to arrange for the evidence of alibis when their trial came on. We do not comment upon their value as

evidence; we simply say that they were competent for whatever they are worth as against the defendant upon whose person they were found by the officers of the law.

It is unnecessary for us to pass upon the action of the trial court in excluding certain evidence which should have been offered in chief, but which was tendered after the defendant's evidence was in. Upon another trial the Commonwealth can introduce this evidence in the proper order, and it would serve no good purpose for us to notice the ruling further. The same can be said as to the rulings of the court in excluding the evidence of certain witnesses who had remained in the court room in violation of the rule of the court in ordering a separation of the witnesses. This matter is largely in the discretion of the trial court, and parties who do not desire to suffer by the operation of the rule should exercise some diligence in seeing that their witnesses obey it. All of which is certified, as by law required, to the trial court.

Nunn, J. (dissenting). The only point of difference between myself and Associates grows out of the language of the opinion concerning the letters found in the possession of Ellis. I agree that it was proper to introduce the letters, but am of the opinion that the trial judge should at the time have admonished the jury that they were not to be considered as evidence against him, unless the jury believed that the Commonwealth had by evidence connected him in some way with the writing or composition of the letters, and had reference to the charge laid in the indictment.