## Veal v. Commonwealth.

(Decided November 13, 1914.)

### Appeal from Calloway Circuit Court.

1. Conspiracy—Evidence.—Under a charge of conspiracy to intimidate by throwing lighted cannon crackers into and about the cell where the person sought to be intimidated is incarcerated, it was error to permit evidence to the effect that a month or more before the occurrence there had been found on a farm near the town packages of large fire-crackers, there being nothing in the evidence to connect either of the alleged conspirators with the ownership or possession of these packages.

2. Conspiracy—Evidence.—Even if the connection of either one of the conspirators with this package had been established, it would have been inadmissible as evidence of a conspiracy charged to have been formed a month or more later.

3. Conspiracy—Evidence.—Under such a charge evidence that repeated occurrences of a similar nature had occurred in the town, with which neither of the conspirators is shown to have been connected, was inadmissible.

THOS. P. COOK, J. C. ERWIN, THOMPSON, SPEIGHT & DEAN and E. N. HOLLAND for appellant.

JAMES GARNETT, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and DENNY P. SMITH, Commonwealth's Attorney for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant, together with Ethan Owing and Jeff Shroat, were indicted in the Calloway Circuit Court charged with confederating and banding themselves together for the purpose of intimidating and injuring J. Wavel Wade by throwing lighted cannon fire crackers into a cell of the county jail of Calloway county in which the said Wade was then confined as a prisoner.

Appellant on his separate trial was convicted, and has appealed.

As the judgment must be reversed we will refrain from any presentation of the facts or discussion of the evidence except in so far as it may be necessary to pass upon the questions involved.

J. Wavel Wade was confined in the county jail under a conviction for giving liquor to a minor, and had been so confined at the time of the occurrence herein complained of for about one week. About the time of his conviction or shortly thereafter Wade had sworn out a warrant against appellant's brother charging him with the illegal sale of liquor, and the trial of that case was set for the day after the commission of the offense for which the parties herein are indicted, and it was expected that Wade would be an important witness for the Commonwealth.

It is the theory of the Commonwealth that the indicted parties, against one of whom Wade had previously testified in another prosecution, sought to frighten and intimidate Wade by throwing these large lighted cannon crackers into and about his cell, and thereby either prevent him from testifying on the next day or cause him to modify his testimony.

It appears throughout the record that for a period of a year or more there had been periodical outbursts of cannon-cracker firing in the town of Murray, and that it had been carried on to such an extent as to have become a nuisance. The evidence for the Commonwealth tends to show that on the night in question between twelve and two o'clock appellant and the two other in-

dicted men, together with another who is not identified, were seen around the jail lighting matches, and that shortly thereafter the loud explosions would occur, and that one of the cannon-crackers went through the grating of the cell where Wade was sleeping and either exploded therein or near the grating.

Several errors are relied upon for reversal, but only two of them are necessary to discuss as the others will not probably occur upon another trial.

The witness Barnett was permitted to testify that a month or more before the commission of the offense charged there had been found on his farm about a mile from town in a hay or straw stack, two packages of large fire-crackers, *as it had been reported to him,* but that he himself did not find them; that on one of the packages there was some very bad writing, which looked like it had been rubbed against something and partially erased, but which he took to be the name of "E. Owing," one of the indicted men. It is not even attempted to be shown that the handwriting was that of Owing or either of the indicted parties; no connection between either one of them and this package of fire-crackers is shown, and we are at a loss to understand upon what theory it could have been permitted as any evidence of a conspiracy by the three men to intimidate Wade. It was found more than a mile from where they lived, more than a month before the commission of the offense with which the three men were charged, and about a month before the swearing out of the warrant by Wade which is supposed, under the theory of the Commonwealth, to have been the motive of the effort to intimidate Wade. Not only was this evidence not competent as bearing upon any conspiracy because of the total failure to connect any one of the three indicted men with the ownership or possession of the fire crackers so alleged to have been found, but the whole evidence of this witness except the fact that there was something badly written and partially erased on one of the packages, was hearsay, pure and simple, and based wholly upon what had been reported to him, and not upon his personal knowledge.

We feel impelled to say that this flagrant error in the admission of testimony was prejudicial to the substantial rights of the appellant.

Even if the connection of either one of the indicted men with this package of fire crackers had been established, it would have been too remote as evidence of a

conspiracy charged to having been formed a month later.

The appellant also complains that the court erred to his prejudice in admitting evidence over his objection showing repeated previous similar occurrences in which fire crackers had been fired off in the town, and with which neither he nor either of those indicted is shown to have had any connection. But it is urged for the Commonwealth that the appellant first brought out this testimony and that thereafter the Commonwealth brought it out more in detail, and that appellant is for that reason not in position to complain.

It is apparent that this evidence was incompetent under the express ruling of this court in the case of Commonwealth v. Ellis, 133 Ky., 634. However, as this judgment must be reversed for the admission of the other evidence referred to, it is only necessary to say that upon another trial all evidence of this nature should be excluded, and the evidence confined to the issue.

For the reasons given the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.