## Steely, et al. v. Commonwealth.

(Decided June 14, 1916.)

## Appeal from Whitley Circuit Court.

Criminal Law—Section 1241a, Kentucky Statutes.—The provisions of section 1241a of the Kentucky Statutes defining and denouncing the crime of confederating and banding together for the purpose of intimidating or injuring any person or persons has no application to a family fight growing out of a contention between a father and his brother and his wife and mother-in-law over the possession of an infant which the wife and mother-in-law had taken from the home of the father.

E. L. STEPHENS for appellants.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

Section 1241a Kentucky Statutes, provides:

"If any two or more persons shall confederate or band themselves together for the purpose of intimidating, alarming, disturbing or injuring any person or persons, or to rescue any person or persons charged with a public offense from any officer or other person having the lawful custody of any such person or persons with the view of inflicting any kind of punishment on them, or with the view of preventing their lawful prosecution for any such offense or to do any felonious act, they, or either of them, shall be deemed guilty of a felony, and upon conviction shall be confined in the penitentiary not less than one nor more than five years."

Appellants were indicted under this statute, and were each convicted and sentenced to two years' imprisonment.

Appellant, Garrett Steely, is a young man eighteen or twenty years of age, and the appellant, Granville Steely, is twenty-four years of age; they are brothers and each married and live with their father at Williamsburg.

In February, 1916, appellant Garrett Steely had been married for about sixteen months, and at that time there was born to him and his wife a child; her mother, whose home was in Rockcastle county, came to their home to remain with her daughter during the period of her illness. When the child was about two weeks old the mother concluded to take her daughter and the infant back to her

home in Rockcastle county, and with that purpose in view took the young mother and infant away from the Steely home some hours in advance of the train which they expected to board, and they all went to the home of Bird.

The appellant, Garrett Steely, had been apprised of the purpose of his mother-in-law and of his wife to go to the home of the former in Rockcastle county, and when he returned home and found that they had already left his home, he together with his brother Granville Steely went to the home of Bird so that he might see his wife and child before their departure. In the light of subsequent events it is apparent that they went there either for the purpose of inducing his wife to return home and bring the child and abandon her proposed trip, or to get the child and take it back home with them so that the mother would follow it and a reconciliation be effected.

When they first reached the Bird home there was no evidence of anger or bad feeling by any of them, but the Steelys were invited in and sat down. The evidence of the Commonwealth shows that the young mother had the baby and that the father asked her to let him have it, and that when she gave it to him he told her that she would never get the baby any more, and thereupon there developed a general fight between the two brothers on one hand and the mother-in-law and the daughter on the other, during which the mother-in-law was knocked down, and the baby was spilled on the floor. The two men regained possession of the child and finally left there with it and took it to their home, where it remained only a few minutes when it was returned to its mother at the home of Bird by the wife of Granville Steely.

The whole record discloses a controversy between the husband and his mother-in-law as to the custody and control of his wife and child, and it is the same old story about which we have heard and read from the beginning of time. The mother-in-law determined to take her daughter and grandchild to her home and the father determined to take such action as in his judgment would result in their remaining with him free from the control and domination of his mother-in-law.

The only question necessary to determine is whether the facts of this case bring it within the provisions of the statute quoted, or whether it was simply a family row resulting in an assault on the two women growing out of a contention as to the custody and possession of the child.

It may be conceded that the provisions of the statute are very comprehensive, but we are unwilling to hold it sufficiently elastic in its terms to be applied to the state of case here.

It would doubtless be a revelation to the framers of this act for the courts to hold that it embraces and may be applied to a family fracas such as we have here; that if a father accompanied by his brother attempts to recover his child from his wife and mother-in-law who have removed it from his home, and a family fight follows as a result of such attempt the two men are guilty of a felony under this act against confederation. It is abhorrent to any fair or reasonable conception of the purpose of the act.

The fact that appellants were guilty of an unwarranted assault and richly deserved punishment does not justify the courts in invoking the provisions of a statute plainly not intended to cover such cases.

The motion to direct a verdict finding the defendants not guilty should have been sustained.

Judgment reversed with directions to grant appellants a new trial, and for further proceedings consistent herewith.