## Myers v. Commonwealth.

(Decided October 2, 1925.)

### Appeal from Christian Circuit Court.

1. Conspiracy—Forming of Conspiracy is Misdemeanor, Whether it be Carried Out or Not.—Forming of conspiracy to do an unlawful act or a lawful act in an unlawful manner is a misdemeanor, whether conspiracy is carried out or not.

2. Conspiracy—Misdemeanor, Consisting of Forming of Conspiracy, is Not Merged in Misdemeanor, Commission of which is Object of Conspiracy.—Where conspiracy is formed for purpose of committing a misdemeanor, misdemeanor committed by forming conspiracy is not merged in that committed, when its purpose is accomplished.

3. Criminal Law—Conspiracy to Traffic in Intoxicating Liquor is Different Offense from that of Transportation as Affects Plea of Former Acquittal.—Conspiracy to sell, transport, and possess intoxicating liquor for other than medicinal, mechanical, or sacramental purposes is an offense, separate and distinct from that of transporting liquor as affects plea of former acquittal.

4. Criminal Law—Conviction or Acquittal for One Offense Held to Bar Prosecution for Another on Same Act.—Commonwealth cannot separate single act or transaction into two or more separate offenses, and where a single criminal act is sufficient in itself to provide more than one offense, Commonwealth must elect between them, and conviction or acquittal on one charge is a bar to prosecution on another charge based on same act.

5.   Conspiracy—Evidence Held Insufficient to Sustain Conviction for Conspiracy to Unlawfully Traffic in Intoxicating Liquor.—Evidence of defendant's transportation and sale of liquor to another held insufficient to sustain conviction for conspiracy to unlawfully traffic in intoxicating liquor.

6.   Conspiracy—May be Established from Circumstances, But Not by Mere Suspicion.—Conspiracy may be shown by circumstances warranting inference of its existence but not by mere suspicion, and mere relationship between parties, according to their habits and modes of life, does not constitute evidence of conspiracy.

McKENZIE & SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant seeks to reverse a judgment imposing upon him a fine of $500.00 and imprisonment of thirty days for the offense of conspiring with Owen Gray to sell, transport and possess intoxicating liquor for other than medicinal, mechanical, scientific or sacramental purposes. There was a business conducted by Owen Gray at 611 Virginia street, in Hopkinsville, Kentucky, and there was working for Gray one E. L. Stoneham. Stoneham was arrested for selling whiskey, and it seems that he was offered immunity from federal prosecution if he would furnish evidence against Gray and Myers. Thereupon Stoneham stated that he was selling whiskey at this place, that Gray employed him to sell whiskey at this place, and that Myers delivered the whiskey to the place. Accordingly, Myers was arrested for transporting intoxicating liquor. He was tried on that charge in the Hopkinsville police court on September 4, 1924, and acquitted. Thereafter, on October 3, the grand jury of Christian county returned an indictment against Owen Gray and Ernest Myers, charging them with the conspiracy above stated. To this indictment both of the defendants filed a general demurrer which was properly overruled. Conspiracy to do an unlawful act or to do a lawful act by an unlawful means was a misdemeanor at common law, and if Myers and Gray did form a conspiracy to engage in the illegal liquor traffic, they committed an indictable offense, whether they ever actually engaged in the business or not, and if, after forming this conspiracy, they actually engaged in the illicit traffic and thereby consummated the

object of their conspiracy, the misdemeanor committed when the conspiracy was formed was not merged into the misdemeanor committed when the traffic was engaged in. We are aware that this court has said in the case of Commonwealth v. Barnett, 196 Ky. 731, 245 S. W. 874: "The offense consisting of the conspiracy alone is merged in the commission of the object of the conspiracy if the latter be of a higher grade than that of misdemeanor." This is in harmony with the holdings of other states, and while our attention is not called to any ruling of this court upon the question of merger, where the consummated act amounts to a misdemeanor only, yet the above ruling would indicate that in such circumstances the offense committed when the misdemeanor was formed was not merged into the misdemeanor committed when the object of the conspiracy was consummated, and such is the uniform holding of other jurisdictions. See Berkowitz v. U. S., 93 Fed. 452, 35 C. C. A. 379; Orr v. People, 63 Ill. App. 305; People v. Richards, 1 Mich. 216, 51 Am. Dec. 75; State v. Murphy, 6 Ala, 765, 41 Am. Dec. 79; People v. Mather, 4 Wendell (N. Y.) 229, 21 Am. Dec. 229.

As a bar to the indictment Gray pleaded his conviction in the Hopkinsville police court and Myers pleaded his acquittal in that court. Myers was tried separately. By Stoneham the Commonwealth proved that Myers was about this place several times during the day and of a night, and that Myers on one occasion brought to this place a gallon of whiskey in a glass jug, which was enclosed in a paper sack which he delivered to Stoneham. He says that this whiskey was delivered to Stoneham. He says that this whiskey was delivered in the daytime, but was unable to say what day it was. On redirect examination Stoneham said that Myers delivered about one gallon per day to this place; sometimes the deliveries were made to Stoneham and sometimes to Gray. Stoneham said that he saw Myers and Gray talking together at the cash register but did not see them divide any money. Stoneham said he did not pay Myers for this whiskey, nor did he see any one pay him for it.

By Elzie Yancey, the plant chief of the telephone company, the Commonwealth showed that the telephone at this place was in the name of Myers. When introduced as a witness Myers testified that he had nothing to do with this place and had never brought any whiskey there.

He explained the telephone being in his name by saying that he had conducted a business at this place two years before and had then put in a telephone. When he sold out his business in 1923 to George Cameron, the telephone was continued in his name and has been so listed ever since.

At the conclusion of the Commonwealth's evidence the defendant moved that the court instruct the jury peremptorily to find him not guilty. This the court overruled. Defendant renewed that motion at the conclusion of all the evidence and again it was overruled. After his conviction Myers entered a motion in arrest of judgment and this was overruled. Defendant excepted to all these rulings. Myers is now contending that there was no public offense charged in the indictment, and that, therefore, his demurrer to the indictment should have been sustained, also that his motion in arrest of judgment should have been sustained. Conspiracy has been so well defined by this court in the case of Commonwealth v. Barnett, *supra,* and Aetna Ins. Co., et al. v. Commonwealth, 106 Ky. 864, 51 S. W. 624, 21 R. 503, 45 L. R. A. 355, that we see no need to undertake further definitions here, or to cite further authorities in support of our conclusion that if it were established by evidence that Myers and Gray had conspired or agreed together or with others to do the things set out in the indictment, that that constituted a common law offense, which was a separate and distinct offense from that of transporting liquor, for which Myers was tried and acquitted. Nor is this "splitting causes." It has been repeatedly held that the Commonwealth may not split a single act or transaction into two or more separate offenses, but where a single criminal act or transaction is sufficient of itself to prove more than one offense, an election must be made by the Commonwealth, and a conviction or acquittal upon one charge is a bar to a prosecution on another charge based solely upon the same act or transaction. Hughes v. Commonwealth, 131 Ky. 502, 115 S. W. 744, 31 L. R. A. (N. S.) 693; Newton v. Commonwealth, 198 Ky. 707, 249 S. W. 1017.

The rule is thus stated in the case of Scarf v. Commonwealth, 195 Ky. 830, 243 S. W. 1034:

> "When facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one."

All the Commonwealth established here was that Gray had a place of business wherein he was engaged in the illicit sale of liquor; that Stoneham was employed to assist in making those sales, and that the defendant Myers brought liquor to this place and delivered it to Gray on some occasions and to Stoneham on the others. That evidence would have been sufficient to have sustained a conviction of Myers for transporting liquor, but that alone is not sufficient to sustain a conviction of Myers upon a charge of conspiracy with Gray to violate the laws against the liquor traffic. On the other hand, if the Commonwealth had been able to show any arrangement or agreement between Myers and Gray to engage in the illegal liquor traffic, even though it was unable to show that they had ever so engaged, that would be sufficient to sustain a conviction for conspiring to engage in the illegal liquor traffic; but in this case, the Commonwealth failed to show any arrangement or agreement between Myers and any one to engage in this illicit trade.

"Conspiracies" cannot be established by a mere suspicion, nor does evidence of mere relationship between the parties or association show a conspiracy. That rule was recognized by this court in the cases of Pace v. Commonwealth, 170 Ky. 560, 186 S. W. 142; Lockard v. Commonwealth, 193 Ky. 619, 237 S. W. 26, and Anderson v. Commonwealth, 196 Ky. 30, 244 S. W. 315.

"Conspiracy" may be shown by circumstances from which a jury may infer its existence, and, when the circumstances reasonably lead to that inference, it is for the jury to determine whether it did or did not exist, but a conspiracy can not be established by suspicion, and relations and associations between parties which are natural and reasonable according to their habits and modes of life do not constitute evidence of conspiracy. Pharris v. Commonwealth, 198 Ky. 51, 248 S. W. 230.

In view of these authorities, we are compelled to say that there was not sufficient evidence against Myers upon the charge of conspiracy to warrant the submission of that question to the jury, and that his motion for a peremptory instruction should have been sustained.

The judgment is therefore reversed, and the cause remanded for further proceedings consistent herewith.