## Fulks v. Commonwealth.

(Decided February 27, 1931.)

MANN & VINCENT and EARL R. STEPHENS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Reversing.

The appellant and his brother, D. K. Fulks, were jointly indicted for banding and confederating together for the purpose of intimidating, alarming, and disturbing Lindsey Bruce. Appellant was convicted, and his punishment fixed at one year in the penitentiary. A brief recitation of the facts is necessary.

There was a controversy between the appellant and his brother on one side and C. M. Davis on the other. Davis is a money lender, and appellant and his brother were borrowers and had become rather heavily involved. They had gone through bankruptcy. Davis had a method of doing business which left little to chance. He had been obtaining attachments in actions instituted against appellant and his brother, and their wages had been garnisheed. They were employed by the Chesapeake & Ohio Railway Company. They felt keenly about the treatment by Davis, and they appeared to think that a grave injustice had been done them, and probably there was basis for their belief. On the occasion that resulted in the indictment, appellant learned that his wages had again been attached. According to the undisputed evidence of appellant and his brother, they decided they would proceed to the office of Mr. Davis, or his attorney, Mr. Bruce, and endeavor to prevail upon him to discharge the attachment as his job with the railroad company was imperiled by reason thereof. They testified that they had no intention of doing any harm to any one

on their way to the place of interview. When they arrived in the building, they went to what they thought was the office of Bruce, but, finding it locked, they went to the office of Davis. Words followed, resulting in a sharp dispute between them and Davis, and a threat that, if Davis did not release the attachment, he would be subjected to corporal punishment. Davis obtained a pistol and drove them from his office. They proceeded to the office of Bruce, where they found him, and there was some talk between them and Bruce about the attachment and probably the threat of corporal punishment was repeated, whereupon Bruce obtained his pistol and drove them from his office. Davis and Bruce then hurriedly got in touch with the police officers, obtained a warrant, and caused appellant and his brother to be arrested. They were thereafter indicted. Ill feeling had existed between the brothers on one side and Bruce and Davis on the other side for some time.

It is evident that appellant and his brother were incensed by reason of what had been done by Bruce and Davis. If they did no more than to go to them with nothing in their minds except to persaude them to dismiss the attachments, or to bring about a settlement of the controversy, it follows, as a matter of course, that they were not guilty as charged.

The indictment was under section 1241a-1, Ky. Stats. It was necessary to prove a conspiracy and that the acts of intimidation, alarming, and disturbing Bruce, if he was intimidated, alarmed, or disturbed, were pursuant to the conspiracy. It is earnestly argued by counsel for appellant that the instructions to the court are not in conformity with the law, and that there was not enough evidence to justify the submission of the case to a jury. In the opinions in the cases of Nails v. Comlth., 228 Ky. 838, 16 S. W. (2d) 474, Steely v. Comlth., 170 Ky. 794, 186 S. W. 880, and Comlth. v. Ellis, 133 Ky. 625, 118 S. W. 973, the law governing such matters is fully discussed. There may be some question as to whether a conspiracy was proven, but the fact that appellant and his brother went to the office of Davis and then to the office of Bruce together and showed signs of anger and made some threats, when considered in the light of the bad feeling existing between the parties was enough to authorize the submission of the case to the jury, although we do not express an opinion as to whether the verdict

of the jury was flagrantly against the weight of the evidence.

If a row developed between the parties after they reached the office, and, as the result of sudden anger and passion, appellant made threats and actually intimidated, alarmed, or disturbed Bruce, he would not be guilty under the statute. There must have been a banding and confederating together for the purposees mentioned. The first instruction, in so far as it submits the question for determination to the jury, is in all respects correct. The definition of criminal conspiracy is substantially correct, although the court, on another trial, may go a little more into detail in defining conspiracy, as is pointed out in the case of Comlth. v. Ellis, supra. The second instruction is wrong, and the court should, in substance, tell the jury on another trial that, if the altercation with Bruce grew out of the sudden heat and passion engendered after the parties reached the office, they were not guilty of the offense charged. The court instructed exactly the opposite. If the jury should have believed that a conspiracy for the purposes mentioned in the indictment existed when they went to the office, then they should not be excused on account of sudden heat and passion after they arrived there, but in the second instruction the court should have been more definite and certain on that point. The court should have said that, if they went to the office without having conspired together for the purpose of intimidating, alarming, or disturbing Bruce, and that the intimidation, disturbing, and alarming grew out of the sudden heat and passion engendered after they arrived there, they should be found not guilty.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.