## Helton v. Commonwealth.

(Decided Sept. 27, 1932.)

J. J. TYE for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Richardson—
Affirming.

The question presented in the appellant's brief and the bill of exceptions is the sufficiency of the evidence to sustain the verdict of the jury.

Appellant and Josh Terrell, Oscar Walters, and Jim King were indicted by the grand jury of Knox county for the crime of confederating or banding together for the purpose of intimidating, alarming, disturbing, and injuring J. T. Manning, an offense defined by section 1241a-1, Ky. Statutes. On his trial the appellant was convicted by a jury, his punishment fixed at one year and one day in the penitentiary, from which he appeals.

The appellant's father was charged by an indictment in the Knox circuit court with a felony not named in the record. J. T. Manning and others were summoned as witnesses for the commonwealth. On the morning of April 10, 1930, Manning and his companions were traveling in an automobile on their way to Barbourville to attend court as witnesses in the prosecution against appellant's father. The appellant had spent the night before at the home of Jim King. On the morning of the day on which the offense is alleged to have been committed, the appellant and Jim King claim they left King's home in King's car, and were returning from the direction of the home of appellant's father for the purpose of conveying certain witnesses to court to attend the trial of his father. Manning and his witnesses claim that while they were on the highway and making the trip to Barbourville, the appellant and the occupants of the car in which they were traveling would pass the car in which Manning and his associates were riding and, after passing by them, would slow up their car and allow Manning and his companions to pass the car in which they were traveling. They claim the appellant and his codefendants repeatedly so passed the Manning car and, on one occasion so crowded the car in which Manning and his companions were riding as to strike one of the fenders. When they arrived at the home of Jim King, the appellant and his companions stopped their car on the highway, got out of it, and stationed themselves in the highway. As the car of Manning and his companions came up, the appellant jerked open the door of the Manning car and

entered; his brother stood at this door, and Terrell at the door on the opposite side, when King came up, as appellant began to beat Manning, and with an oath told him to "kill Manning." Other travelers on the highway came up in the rear of the Manning car while appellant was beating Manning with his fists and a walking cane. Some of them left their car and passed Manning and the appellant, going in the direction of Barbourville, when either the appellant or some of his companions commanded them to return. Appellant and his witnesses admit that appellant struck and beat Manning, but deny the other statements of the witnesses of the commonwealth. The appellant and his witnesses at that time had knowledge of the purpose of Manning and his companions to attend the court at Barbourville as witnesses against appellant's father. It cannot be doubted this knowledge furnished a motive for the conduct of the appellant and his codefendants.

While a confederation or conspiracy may not be established by mere suspicion, nor by relationship, nor association of the parties, but, like any other fact, its existence may be established by the actions, conduct, or declarations of the participants, or by facts and circumstances, and such evidence need not be direct or positive. Com. v. Ellis, 133 Ky. 635, 118 S. W. 973; Gabbard v. Com., 159 Ky. 624, 167 S. W. 942; Owens v. Com., 181 Ky. 378, 205 S. W. 398; Slaven v. Com., 197 Ky. 790, 248 S. W. 214; Skillian v. Com., 206 Ky. 586, 268 S. W. 299; Myers v. Com., 210 Ky. 373, 275 S. W. 883; Howard v. Com., 220 Ky. 585, 295 S. W. 888; Crenshaw v. Com., 227 Ky. 223, 12 S. W. (2d) 336; Bright v. Com., 235 Ky. 781, 32 S. W. (2d) 351; Fulks v. Com., 237 Ky. 642, 36 S. W. (2d) 36. A conspiracy is almost necessarily established by welding into one chain circumstances which when considered separately are of themselves insufficient and inconclusive, but when connected and examined as a whole, are sufficient to show it. Gibson v. Com., 189 Ky. 89, 224 S. W. 657; Anderson v. Com., 196 Ky. 30, 244 S. W. 315; Middleton v. Com., 204 Ky. 460, 264 S. W. 1041; Eubank v. Com., 210 Ky. 150, 275 S. W. 630; Murray v. Com., 224 Ky. 541, 6 S. W. (2d) 696; Adams v. Com., 227 Ky. 255, 2 S. W. (2d) 275; Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624. The question whether there was a confederation or conspiracy, if there is any evidence, is in every case for

the jury. Middleton v. Com., 204 Ky. 460, 264 S. W. 1041; Asher v. Com., 211 Ky. 524, 277 S. W. 842; Sosby v. Com., 221 Ky. 589, 299 S. W. 211. The verdict of the jury finding defendant guilty cannot be said to be palpably against the weight of the evidence. Hogan v. Com., 212 Ky. 813, 280 S. W. 104; Nails v. Com., 228 Ky. 838, 16 S. W. (2d) 474. It cannot be doubted that the evidence was sufficient to warrant a submission of the case to the jury (Turner v. Com., 221 Ky. 330, 298 S. W. 959) and that the verdict is abundantly sustained by the evidence.

The appellant in his brief and bill of exceptions presents no other questions; therefore all other questions are considered waived.

Judgment affirmed.