## Chadwell et al. v. Commonwealth.

(Decided Oct. 5, 1937.)

WILLIAM LEWIS & SON for appellants.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Tolly Chadwell, Jr., Sam Jones, Victory Jenkins, Emel Cheek, Elmer Whitt, and Shirley Gibson were indicted for the offense of confederating and banding themselves together for the purpose of intimidating, alarming, stealing from, robbing, disturbing, or injuring J. D. Parsley, Mrs. J. D. Parsley, Guy Parsley, Mrs. Guy Parsley, Ruby Parsley, and Ethel Bowling. Cheek, Whitt, and Gibson were acquitted, and Chadwell, Jones, and Jenkins, who each received a sentence of one year in the penitentiary, appeal.

It is first insisted that the indictment is duplicitous, in that it charged a conspiracy to commit several separate and distinct offenses, and that either the demurrer to the indictment should have been sustained, or the court should have required the Commonwealth to elect. We find no ground for complaint on this score. The court did not submit the question of conspiracy to steal

or to rob, but submitted only the question of conspiracy to intimidate, alarm, or disturb. In this way the court took care of the situation, and its action was equivalent to requiring the Commonwealth to elect.

The principal question for decision is whether the evidence was sufficient to take the case to the jury. Guy Parsley and Ethel Bowling were teachers at the Hopewell school in Laurel county. On the evening of October 10, 1936, they gave a box supper at the schoolhouse for the purpose of buying books for the children. In attendance at the supper were Mrs. Guy Parsley, Jarvis Parsley, a brother of Guy's, and Mrs. Jarvis Parsley. About the time the supper was over Chadwell got into a scuffle with a young man by the name of Charlie Sulphridge. Though they were playing, Guy Parsley was afraid that Chadwell might injure the schoolboy, and requested Chadwell not to throw him through the window. Thereupon Chadwell and Guy Parsley had some words, and got hold of and pushed each other around. Friends intervened, and they were separated. Guy Parsley then leaned against a post near the center of the building about 15 or 20 feet away. In a short time Chadwell, Jenkins, and Jones came up. Chadwell and Guy Parsley began fighting, and Guy threw Chadwell. Guy rolled Chadwell into a seat on his back, and while Guy was on top of Chadwell, Jenkins hit him with something in his hand. About that time some one told Jarvis Parsley that his brother was about to get hurt, and he went where the crowd was. He tried to part Chadwell and his brother when some one grabbed him from behind, and said, "You stay out of this." Shortly thereafter the difficulty was renewed, and Sam Jones hit him with something two or three times and knocked him down. In the melee Ethel Bowling, who had jumped in between Guy Parsley and Tolly Chadwell, was choked, Ruby Parsley, Guy Parsley's sister, was knocked down, and Mrs. Jarvis Parsley was hit by Sam Jones. According to Guy Parsley, when Chadwell, Jones, and Jenkins came to the center of the room, Chadwell said, "You are about my size," and Jones and Jenkins said, "He is your size, take him on." Chadwell then said, "I will take this one, and you take that one." According to Mrs. Jarvis Parsley, the boys came up in a body and the other boys kept telling Chadwell that he ought not to stand and take all that. According to Mrs. Sam McHargue, who was standing talking with

Guy Parsley and his wife, Victor Jenkins said to Chadwell, "Knock him loose, I am with you." Dave Vaughn testified that while Chadwell, Jones, and Jenkins were back there he heard Jones say to Chadwell, "You have a yellow streak up your back if you let this fellow get by with this," and Jenkins called him a vile epithet if he let that fellow run over him.

On behalf of the Commonwealth it is insisted that the evidence is sufficient to show that after the first difficulty appellants got together, agreed to assault the teachers and their wives, selected their victims, and divided the work of assaulting them. It must not be overlooked that there was no feeling of any kind between appellants and any of the parties assaulted prior to the night in question. It was not proven, and there is no contention that appellants came to the schoolhouse for the purpose of alarming or injuring any one. On the contrary, the whole trouble was precipitated by the friendly scuffle between Chadwell and the Sulphridge boy, and the effort on the part of Guy Parsley, as he claims, to protect the boy. It is true that he and Chadwell were separated and the fight was then renewed, but the interval between the first and second attacks was so short that the difficulty was practically continuous. Though Chadwell may have been egged on by Jenkins and Jones, after all, the case is simply one of a general fight with its usual concomitants, suddenly precipitated, and we have ruled that the provisions of section 1241a-1, Kentucky Statutes, defining and denouncing the crime of confederating and banding together for the purpose of intimidating, alarming, or injuring any person or persons, has no application to that kind of a case. Steely v. Commonwealth, 170 Ky. 794, 186 S. W. 880.

It follows that the motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.