## McIntosh v. Commonwealth.

(Decided Feb. 15, 1938.)

WILLIAMS & ALLEN for appellant.

HUBERT MEREDITH, Attorney General, and GUY H. HERD-MAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

While plowing his field on the morning of June 14, 1937, Wash Daniel was assassinated. His four children were hoeing near by. His wife standing on the porch of their home about 50 yards away saw five men about 50 yards beyond him near a chestnut tree, one of whom she stated was the appellant, Carl McIntosh, who was indicted with George Couch, Elisha (Pit) Couch, Ed Couch, and Letcher Bishop for the murder. Upon McIntosh's separate trial, two weeks after Daniel was killed, he was found guilty and sentenced to life imprisonment.

Daniel was employed, by a company owning timber land in the community, to report trespassers, and was also a game warden. It appears that in performing his duties he had incurred the enmity of some of the men indicted with McIntosh, but there is no intimation in the entire record of any unfriendliness or reason for ill feeling or motive on his part to slay Daniel. He lived about seven miles away. The widow identified McIntosh, as we have stated, as one of the men at the edge of the clearing. He had a shotgun and fled with the others. Two daughters who were working with their father testified. One was not able to identify the defendant as having been in the group, and the identification by the other was quite indefinite. The witnesses, however, say that George Couch fired the one shot from a shotgun, which killed Daniel. It is not claimed that McIntosh fired. The appellant insists that the identification of himself by the mother and daughter was destroyed by cross-examination and other circumstances; that other evidence introduced by the Commonwealth negatived his guilt; and that he established an ironclad alibi and otherwise proved his innocence. Therefore, it it argued that the verdict is flagrantly against the evidence and was brought about by a trial held too soon after the tragedy and while the family of the deceased and the public were inflamed.

Three witnesses testified to different threats or expressions of ill feeling on the part of George Couch and other witnesses related statements made by Pit Couch and Ed Couch which were more nearly prophecies than threats of what was going to happen to Daniel. All of these statements were made a week or more before Daniel was killed, and the defendant McIntosh was not present on any of the occasions.

The indictment did not charge a conspiracy. The evidence tending to show a conspiracy was confined, as above disclosed, to the appellant's presence with George Couch when the latter, according to the testimony, shot and killed Daniel, and his flight from the scene with him. The acts and declarations of conspirators in the commission of a crime, if done or made during the formation or in furtherance of the conspiracy, are admissible against any one of them. Shell v. Commonwealth, 245 Ky. 223, 53 S. W. (2d) 524. Of course, proof of the existence of the conspiracy must be introduced as a predicate, and it is held the evidence must be clear. Marcum v. Commonwealth, 201 Ky. 527, 257 S. W. 714. Conceding for argument that the circumstances were sufficient to prove McIntosh an aider and abettor of Couch (Hurd v. Commonwealth, 257 Ky. 315, 78 S. W. (2d) 9), and accepting as a proper legal conclusion that an aider and abettor is a conspirator, we are yet presented with the fact that there is no evidence tending to show the existence of a conspiracy or a purpose of concurrent action involving the appellant at the time the statements were made by those indicted with him. One conspirator is not bound by the acts or statements of another except where knowledge and active participation or an express or implied ratification can be proved. Such declarations are not rendered inadmissible against the defendant on trial, because of the fact that they were made before he became associated with the declarant, if a subsequent connection with the conspiracy is shown and knowledge of the existence of declarations be brought home to him or circumstances shown from which such knowledge and a ratification by him may be implied or inferred. Underhill's Criminal Evidence, secs. 718, 719; Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 22 Ky. Law Rep. 1807, 23 Ky. Law Rep. 146, 53 L. R. A. 245; Commonwealth v. Hargis, 124 Ky. 356, 99 S. W. 348, 30 Ky. Law Rep. 510; Commonwealth v. Ellis, 133 Ky. 625, 118 S. W. 973.

162

There is no evidence tending to show that a conspiracy involving the appellant existed at the time the declarations admitted were made, nor anything tending to show his subsequent ratification. Therefore, the court was in error in overruling the defendant's objections to this testimony. Poff v. Commonwealth, Ky., 25 S. W. 883, 15 Ky. Law Rep. 820; Bowling v. Commonwealth, Ky., 126 S. W. 360; Crawford v. Commonwealth, 242 Ky. 80, 45 S. W. (2d) 824.

All other questions are reserved.

Judgment reversed.