### Slaven v. Commonwealth.

(Decided February 20, 1923.)

Appeal from McCreary Circuit Court.

1. Conspiracy—Intimidating, Alarming and Injuring Another.—Sufficiency of Evidence.—On a prosecution for confederating for the purpose of intimidating, alarming, disturbing or injuring another, evidence held sufficient to take the case to the jury and to sustain the verdict of conviction.

2. Conspiracy—Trial—Instructions—Appeal and Error.—On a prosecution for confederating for the purpose of intimidating, alarming, disturbing or injuring another, the omission of the words, "unlawfully, wilfully and feloniously," from the instructions was not error.

3. Conspiracy—Trial—Instructions—Appeal and Error.—On a prosecution for confederating for the purpose of intimidating, alarming, disturbing or injuring another, failure to define a conspiracy was not error, where the facts constituting a conspiracy were submitted to the jury.

4. Conspiracy—Indictment and Information—Included Offenses—Statutes—Trial—Instructions—Appeal and Error.—Assault and battery is not a degree of the offense of confederating for the purpose of intimidating, alarming, disturbing or injuring another, and a refusal to instruct on that question was not error.

HENRY C. GILLIS and JOHN W. SAMPSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Dink Slaven, who was convicted of confederating and his punishment fixed at four years' confinement in the penitentiary, appeals from the judgment of conviction.

Appellant was indicted under section 1241a-1, Kentucky Statutes, which makes it a felony, "If any two or more persons shall confederate or band themselves together for the purpose of intimidating, alarming, disturbing or injuring any person or persons, etc." The indictment charged in substance that on the 14th day of March, 1920, and before the finding of the indictment, appellant and Elisha Slaven did unlawfully, wilfully, maliciously and feloniously confederate and band themselves together for the purpose of intimidating, alarming, disturbing and injuring Elisha Spradlin, and, in pursuance of said confederating and banding themselves together, did intimidate, alarm, disturb and injure the said Elisha Spradlin by striking him with a pistol and by drawing a knife upon him, etc.

The facts are these: Shortly before the attack, appellant's brother told him that Spradlin had accused him of changing the mark on a hog. This made appellant so mad that he could hardly wait until he got to Spradlin. Appellant and his brother then went to the home of Mrs. Winchester, where Spradlin lived, and demanded admittance. When the door was opened they asked if Spradlin lived there, and appellant began to curse Spradlin. Those present tried to restrain appellant from going into the room where Spradlin was in bed, but could not do so. Appellant's brother drew a knife and made one of those living in the house take his hands off appellant in order that appellant might go to Spradlin's room. Appellant and his brother then went into the room, lighted a match and appellant struck Spradlin with a pistol, while his brother struck him with a knife. Appellant and his brother then desisted because those present begged them to do so. Appellant and his brother admitted the assault, but claimed that there was no prior agreement between them to injure Spradlin, or any banding together for that purpose.

It is first insisted that the proof was not sufficient to show a conspiracy. A conspiracy may be shown by the circumstances and direct proof is not necessary. It was shown that appellant, on being informed of the remark

made by Spradlin, said that he could hardly wait until he got to him. Thereupon appellant, who was armed with a pistol, and his brother, who was armed with a knife, went together to Spradlin's room and demanded admittance for the purpose of injuring him. From these circumstances the jury had a right to conclude that appellant and his brother had banded themselves together for the purpose of doing the very thing which they subsequently carried out. We therefore conclude that the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

The instruction is assailed on the ground that it authorized appellant's conviction if he and his brother "did confederate and band themselves together for the purpose of intimidating, alarming, disturbing or injuring the witness, Elisha Spradlin, etc.," without requiring the jury to believe that they did so unlawfully, willfully and feloniously. Since the statute makes it a felony for two or more persons to band themselves together for the purpose of injuring another, it necessarily results that two persons cannot band themselves together for such purpose without doing so unlawfully, wilfully and feloniously. That being true, it was not error to omit these words from the instruction.

While it is always proper to define the word, "conspiracy," when used in an instruction, yet the court's failure to do so was not prejudicial. The instruction submitted the question whether appellant and his brother did confederate and band themselves together for the purpose of intimidating, alarming, disturbing or injuring Elisha Spradlin, and whether, in pursuance of and in furtherance of said confederation or conspiracy, they did injure him. In other words, the facts constituting a conspiracy under the statute were submitted to the jury, and a further definition would have thrown no additional light on the question.

Another contention is that the court erred in failing to give an instruction on assault and battery. In support of this position it is argued that as the assault and battery were admitted, appellant's only defense was that there was no banding together for that purpose, and a failure to give an instruction on assault and battery necessarily deprived him of the only defense he had. The Code provides that upon an indictment for an offense consisting of different degrees the defendant may

be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment, section 262, Criminal Code, and that all injuries to the person by maiming, wounding, beating and assaulting, whether malicious or from sudden passion, and whether attended or not with the intention to kill, shall be degrees of the same offense. Section 263, subsection 2, Criminal Code. It further provides that if an offense be charged in the indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense, without the circumstances, or with part only, is included in the offense, although that charge may be a felony, and the offense without the circumstances a misdemeanor only. Section 264, Criminal Code. Interpreting these sections, it has been held that an assault and battery is a degree of the offense of malicious wounding, Commonwealth v. Duncan, 91 Ky. 592, 16 S. W. 584, and of ''assault with intent to rob.'' Bernard v. Commonwealth, 94 Ky. 285, 22 S. W. 219. In holding in the last mentioned case that on a prosecution for assault with intent to rob the court should give an instruction on a common assault and battery, if the evidence authorized it, this court quoted section 264, *supra*, of the Criminal Code, and stated its conclusions as follows:

''Here the crime of assaulting with intent to rob cannot be made out without establishing an assault or assault and battery with such intent; and if the assault is committed without the additional circumstance of an intention to rob, then the assault is but a mere misdemeanor. But the intent to rob, and a conviction for it, absorbs the misdemeanor into the higher crime of felony; so likewise the higher crime of murder absorbs the offense of the mere assault and battery. But if the murder be not established, the party may be punished for the assault and battery, and if the person was not convicted of the assault with intent to rob, but committed a common assault and battery, he may be found guilty of misdemeanor, because it is but a degree of the crime of assault with intent to rob.''

It is apparent, however, that the above sections of the Criminal Code have no application to a case like this. Here appellant and his brother were accused ''of the of-

fense of confederating and banding together for the purpose of intimidating, alarming and injuring another." As before stated, the indictment is under section 1241a-1, Kentucky Statutes. In construing this statute, we held in the recent case of Commonwealth v. Barnett, 196 Ky. 736, — S. W. —, that neither a going forth nor the doing of any overt act was necessary to complete the crime denounced, but that the offense was complete when the participants gave their assent to the unlawful agreement constituting the conspiracy. That being true, it was not necessary to charge in the indictment that appellant and his brother actually injured Elisha Spradlin. In a case of an assault with intent to rob, the assault is an offense without the intent, but in the case of a banding together for the purpose of alarming, intimidating or injuring another, the purpose is the very essence of the offense, and if there be no purpose to do an unlawful act, the banding together is altogether innocent. Therefore, if we take away the circumstances, motive or intention, we have no offense left, and an assault and battery, which it was not necessary to allege or prove, is in no sense a degree of the offense charged. It follows that appellant was not entitled to an instruction on that question.

On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.

Whole court sitting.