## Cobb v. Commonwealth.

(Decided February 16, 1932.)

RUMSEY BOGGESS and JOHN DUNCAN for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Lonnie Cobb, has been sentenced to the penitentiary for 2½ years, upon the charge of confederating and banding together with others unknown for the purpose of intimidating, alarming, disturbing, and injuring another person, namely, Al Hoffman, which is a crime denounced by section 1241a-1 of the Statutes.

The victim of the conspiracy was 71 years old, and lived alone in a cabin belonging to the coal company by whom he was employed. A miners' strike was in progress in Muhlenberg county, but Hoffman had not quit work. He testified that about midnight on July 12, 1930, he was awakened by three masked men grabbing him.

They blindfolded him and led him out to a ravine a half mile away, and there whipped him. Pointing his arm in a certain direction, they told him to wait five minutes and then go that way and it would take him home. After a little while, he went up the road and met two of those men, who drew a shotgun on him and told him to turn around and go the other way. He reached his home by going across the country. The culprits left two sticks of dynamite and a fuse behind a trunk in his cabin. They told him that he should not work in the mine, and that he was taking bread out of their children's mouths. Cobb, the defendant, said that they had voted to kill him, but had changed the punishment to a whipping. Hoffman had known the defendant for 18 years, and recognized his voice. During the struggle in his home, he knocked off Cobb's mask and in the light of a flash-light also identified him by sight. The old man's evidence as to the recognition of the defendant is clear and unequivocal, and was given in such way as to carry conviction of its truth. The finding of the dynamite and evidence of stripes upon his body were testified to by other witnesses.

The appellant at one time had worked in the mines, and was a member of the miners' union. For some time he had conducted a store in the community, but for 2 years had done nothing. He admitted his sympathy with the strikers and considerable activity in their behalf. Meetings of the union had been held in his storeroom, which was connected with his home. He testified he had considered Hoffman his friend, although he had not spoken to him for 2 or 3 years. Other witnesses testified to the appellant's activity in behalf of the strikers and to his hostility towards Hoffman and other miners who did not join them. The defendant categorically denied having committed the crime, but did not testify as to his whereabouts. On cross-examination, in contrast to the prosecuting witness, the defendant was evasive, equivocal and impatient, and it must be said his evidence does not create the impression of its truth.

Elmer Dennison testified that on the night in question he and his wife stayed at Cobb's home; late in the afternoon they had gone to Central City for some mucilage and got back home about 9:30; after a little while they went into the storeroom, and prepared some "credentials for the Aid Soliciting Committee," and went to bed about 1 o'clock. Cobb did not leave his home that

night so far as the witness knew. About daylight he was awakened by the blowing of an automobile horn, and Cobb went out to the machine and talked with the man in it, and, when he came back into the house, he told him that Hoffman had been whipped and was accusing him and was going to get out a warrant for his arrest. Mrs. Dennison testified to the same effect.

Oliver Dunning, president of a local miners' union, had also been there that night to see about the papers being prepared, but he did not testify; nor did a mature daughter of the defendant, who was in the home that night.

It is readily apparent that the ground submitted for reversal of the judgment that the verdict is contrary to the evidence must be denied. It was not necessary that the testimony of the prosecuting witness as to the identity of the defendant should have been corroborated. In some respects the evidence as to recognition and the nature of the defendant's testimony is much like that described in Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336.

Counsel fails to point out wherein the indictment was demurrable, although claiming that the court erred in overruling the demurrer, and citing Commonwealth v. Patrick, 127 Ky. 473, 105 S. W. 981, 32 Ky. Law Rep. 343, in support of his statement. That case related to a charge of sending a threatening letter through the mail, and the indictment was held demurrable because it failed to set out the substance of the letter. It is, obviously, not in point. While the indictment contains surplusage in that it also charged the accused with having accomplished the purpose of the conspiracy, that did not make it bad. Sosby v. Commonwealth, 221 Ky. 589, 299 S. W. 211. We have carefully examined the indictment, and are of opinion that the court properly overruled the demurrer.

Another contention of the appellant is that the court should have given an instruction on assault and battery. The case of Slaven v. Commonwealth, 197 Ky. 790, 248 S. W. 214, cited by counsel to sustain the point, is squarely against him. It was held in that case that an assault and battery is not a degree of the crime denounced by the statute under which the appellant was tried, for the essence of the offense is the conspiracy and

its purpose, and not the assault or injury inflicted; hence no instruction on assault and battery should be given. The instructions, following the surplus charge in the indictment, were more favorable to the accused than the law required.

No prejudicial error being shown, it follows that the judgment should be, and it is, affirmed.