## Glass v. Commonwealth.

(Decided June 13, 1933.)

CLEM W. HUGGINS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant and Jack Barnes, Donald Quick, and Dave Brewer were indicted by the grand jury of Bullitt county for the crime of unlawfully and feloniously confederating and banding themselves together for the purpose of injuring, intimidating, and alarming Charles H. Sanders, an offense defined by section 1241a-1, Kentucky Statutes. On his trial, appellant was convicted and his punishment fixed at five years in the penitentiary. He relied on a number of grounds in his motion for a new trial, but on this appeal he rests his right to a reversal of the judgment solely on the ground that

the trial court erred in overruling his motion for a directed verdict in his favor at the conclusion of the commonwealth's testimony.

Appellant lived in Louisville, Ky., and at the time the alleged offense was committed was visiting at the home of Donald Quick in Bullitt county. About 6 o'clock p. m. July 27, 1932, appellant, Jack Barnes, Donald Quick, and Dave Brewer, while in an automobile driven by Brewer, started through a private passway on the Sanders farm. A short distance from its mouth the passway was blocked by Sanders' automobile, which was parked across it apparently for the purpose of preventing any one from using the road. Sanders was in his barn lot near by, and Jack Barnes called him and requested permission to use the passway. Sanders walked to the automobile and told Barnes he had determined to stop travel through his farm, and, if he permitted them to use the passway, he would have to let others go through. As he started away, Barnes said, "Hold on Mr. Charlie, I want to talk to you." Sanders walked back to the automobile when, according to his testimony and that of his wife, who was present, appellant opened the rear door, stepped out, and struck him in the face. Appellant claimed that he got out of the automobile to assist in turning it around when Sanders refused permission to use the passway, that Sanders attacked him with a club, and that he struck in his self-defense. Sanders, a man 67 years of age, was seriously injured, and, if the testimony for the commonwealth is true, the assault was unprovoked. There is no evidence that the other occupants of the car said or did anything which could be construed as aiding and abetting appellant in his attack on Sanders other than the remark of Barnes quoted above.

It is the theory of the commonwealth that appellant and his codefendants went to the Sanders home with the intention of attacking Sanders, and the only circumstance relied upon as tending to show a conspiracy for that purpose other than the acts which took place at the time of the attack is the following: About two hours before the assault on Sanders, Brewer had attempted to use the passway and had found it blocked. Sanders then refused to permit him to use it. It is the theory of the commonwealth that Brewer became angered and arranged with appellant, Quick, and Barnes to return

to the Sanders home and intimidate or injure Sanders. Brewer testified that he did not tell any of his codefendants that he had been refused permission to use the passway earlier in the day, but that he was taking Barnes to a grocery store in the neighborhood, and, as he was driving along the county road, Barnes suggested that he should use the passway as it was a shorter route. He asked Barnes if Sanders would object, and Barnes said "No," that he had been using it regularly. Sanders was well acquainted with Barnes, Quick, and Brewer, who were neighbors, but had never seen appellant. Barnes and Quick had been using the passway, and Sanders had never objected until the occasion in question.

A confederation or conspiracy may be established by the acts, conduct, or declarations of the participants or by facts or circumstances, but it may not be established by mere suspicion nor by association of the parties. Helton v. Commonwealth, 245 Ky. 7, 53 S. W. (2d) 189; Alsbrook v. Commonwealth, 243 Ky. 814, 50 S. W. (2d) 22; Baird v. Commonwealth, 241 Ky. 795, 45 S. W. (2d) 466; Fulks v. Commonwealth, 237 Ky. 642, 36 S. W. (2d) 36; Slaven v. Commonwealth, 197 Ky. 790, 248 S. W. 214; Pace v. Commonwealth, 170 Ky. 560, 186 S. W. 142.

It has been said that a conspiracy is almost necessarily established by welding into one chain circumstances which, when considered separately, are of themselves insufficient and inconclusive, but, when connected and examined as a whole, are sufficient to show it. Riggsby v. Commonwealth, 232 Ky. 226, 22 S. W. (2d) 624; Howard v. Commonwealth, 220 Ky. 585, 295 S. W. 888; Middleton v. Commonwealth, 204 Ky. 460, 264 S. W. 1041; Anderson v. Commonwealth, 196 Ky. 30, 244 S. W. 315; Gibson v. Commonwealth, 189 Ky. 89, 224 S. W. 657.

No facts or circumstances are shown in the instant case tending to form a connected chain linking appellant with a conspiracy. The links are mere surmises and speculation, and there is no evidence from which the jury could reasonably infer that a conspiracy existed. There is no evidence tending to show that prior to the arrival at the place where the trouble occurred appellant and his companions agreed to injure, alarm, or intimidate Sanders. Appellant and Sanders had

never met, and of course no ill feeling between them existed. Sanders' relations with the other three occupants of the car, who were his neighbors, had been friendly prior to the difficulty in question. The commonwealth seeks to erect a conspiracy upon inferences from facts and circumstances which in themselves import no criminal intent. A few hours before the trouble occurred Brewer had been denied permission to use the private passway over the Sanders farm, and, before appellant can be convicted of the conspiracy charged in the indictment, it must be inferred from this circumstance that Brewer became angered, informed his codefendants of the refusal of Sanders to permit him to use the passway, and agreed with them to return for the purpose of injuring or intimidating Sanders. The proven facts and circumstances are too meager to warrant the deduction of such an inference. While it is doubtless true that appellant made a vicious assault on Sanders without provocation and was guilty of reprehensible conduct, there is no evidence that his conduct was the result of a conspiracy. We conclude, therefore, that the evidence was insufficient to take the case to the jury.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.