# York et al. v. Commonwealth.

Feb. 21, 1941.

C. F. See, Jr., and Eldred E. Adams for appellants.

H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellants were jointly indicted for the offense denounced by the first clause of Section 1241a-1, Kentucky Statutes. Convicted and sentenced to one year's confinement in the penitentiary, they have appealed to this Court, contending that (1) the indictment was insufficient, (2) the instructions were erroneous, and (3) the Court committed a reversible error in permitting the jury to separate after the case had been submitted to them for decision.

The indictment is as follows:

"The Grand Jury of the County of Lawrence in the name and by the authority of the Commonwealth of Kentucky, accuse Tom York, Willie York, and Taylor York, of the crime of wilfully confederating and banding themselves together for the purpose of intimidating, alarming and disturbing or injuring another person, committed in manner and form as follows, to wit:

"The said defendant in the said County of Lawrence, on the 19th day of March, A. D. 1940, and before the finding of this indictment, did unlawfully, willfully, and feloniously, and corruptly confederate, agree and enter into a conspiracy with each other, and with divers others to the Grand Jury unknown, for the purpose of intimidating, alarming and disturbing Drew Hickman, and, in pursuance of said confederacy theretofore entered into as aforesaid, did wilfully and feloniously confederate and band themselves together and with each other and go forth for the purpose of intimidating, alarming, injuring and disturbing the said Drew Hickman, and they did then and there by arms and threats call him, the said Drew Hickman, and order him to desist in setting fence posts, to his great disturbance, intimidation and alarm.

"Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

It is argued on behalf of appellants that the indictment was defective in that it failed to charge that pursuant to the conspiracy the appellants committed a felony; and in support of this argument we are cited cases holding that an indictment is insufficient which merely charges that the accused "confederated" or conspired together without showing that the act which they conspired to commit was unlawful. Clearly the authorities cited have no application to the indictment before us, since here the indictment specifically charged that the appellants conspired "for the purpose of intimidating, alarming and disturbing" another, the formation of which conspiracy, of itself, by the very language of the Statute, constituted a felony. Appellants' misinterpretation of the authorities referred to apparently arose

from the fact that in addition to making it unlawful to conspire to "intimidate, alarm, disturb, or injure a person or persons", the Act also makes it unlawful to conspire to commit other acts described in the Statute, or "to do any felonious act". Of course, where the conspiracy was to commit a felony not specifically described in the Act, it is necessary for the indictment to name the felony, as well as comply with the other requirements of Sections 122, 124, Criminal Code of Practice. The indictment in the case before us meets these requirements of the Criminal Code, the offense charged being among those specifically described in the Act itself. The acts committed pursuant to the conspiracy were immaterial, since the offense was committed when the conspiracy was formed. As said by this Court in the case of Commonwealth v. Barnett et al., 196 Ky. 731, 245 S. W. 874, 879, in which the origin and history of the Act are narrated:

"The section (No. 1) as enacted does not require any going forth by the conspirators, nor the doing of any overt act in order to complete the crime denounced therein. It is completed when the unlawful agreement constituting the conspiracy is assented to. It may be committed in a room, on the streets, or at any other place, without a single movement on the part of any of the conspirators. That crime was one at common law, but was only a misdemeanor, and all that the statute did was to punish the particular conspiracies included in it with confinement in the penitentiary, instead of with a misdemeanor punishment. If there should be any going forth or other overt act as a consequence of the conspiracy denounced by Section 1, the crime or crimes committed by reason thereof would be punishable according to the law prescribed for such crimes, and the conspiracy would be merged in them if they were of a higher degree than the conspiracy, as we have heretofore shown." The indictment in the case at bar was sufficient.

■ The instructions defined "Conspiracy," and in informing the jury as to the circumstances under which they should convict or acquit the appellants, followed the language of the indictment. The objection urged by appellants' counsel is "the instructions nowhere told the jury that the defendants must have confederated

together for the purpose of doing a felonious act." Again they overlook the fact that the Statute makes it a felony for two or more persons to "confederate or band themselves together for the purpose of intimidating, alarming, disturbing or injuring any person or persons." Whether the instructions were complete, we are unable to determine, since the testimony given at the trial is not before us. It may be that the appellants were entitled to an instruction specifically presenting their defense. Alsbrook v. Commonwealth, 243 Ky. 814, 50 S. W. (2d) 22. See also Stanley's Instructions to Juries, Section 837.

█ It is shown in the Bill of Exceptions, and not controverted, that after the case had been submitted the jury returned to the Court a statement indorsed on the back of the instructions and signed by one of its members, reading, "We, the jury, disagree"; and that thereupon the jury was permitted to separate and mingle with the crowd in the court house. Thereafter, they were re-assembled, whereupon the appellants moved the Court to set aside the swearing of the jury and continue the case. This motion was overruled, and, after further deliberation, the jury returned a verdict finding the appellants guilty. This error of the Court was one of the grounds on which a new trial was sought. In permitting the jury to separate after the case had been submitted to it, the Court violated the express provisions of Section 244, Criminal Code of Practice; the Attorney General confesses error; and we have no alternative but to reverse the judgment.

Judgment reversed.