## Johnson v. Commonwealth.

Oct. 22, 1943.

William Lewis & Son for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Bud Johnson and Pascal Crook were jointly indicted for the crime of feloniously confederating and banding together for the purpose of intimidating, disturbing and alarming divers persons composing the congregation of the New Salem Church while the congregation was engaged in worship, an offense denounced by KS sec. 1241a-1 (now KRS 437.110). On a separate trial Johnson was convicted, his punishment fixed at

confinement in the penitentiary for two years, and he appeals.

His motion and grounds for a new trial assigned seven errors. But on this appeal appellant only insists that the judgment be reversed because the trial court erred in overruling his motion for a peremptory instruction to the jury to acquit him made at the conclusion of the Commonwealth's evidence.

The evidence for the Commonwealth is to the effect that while the congregation was engaged in prayer during the religious services on Sunday morning, April 28, 1942, Pascal Crook left the church and just as he got near the door he fired a pistol three times into the floor. Obviously, it was his intention to intimidate and alarm those engaged in worship. That he succeeded is shown by the fact that the services were immediately concluded. Shortly before the shooting, Johnson, Crook and Clarence Hammons came into the church together and Johnson was seen handling a pistol, which some of the witnesses testified resembled the one Crook subsequently fired. At the time of the shooting Johnson was not with Crook, nor was he in the church, and there is no testimony that he advised, encouraged or conspired with the latter in the commission of the crime.

Evidently, the jury convicted appellant because the shooting was done with his pistol and because just prior to the commission of the crime he was seen in church in company with Crook. We have many times written, "a confederation or conspiracy may be established by the acts, conduct, or declarations of the participants or by facts or circumstances, but it may not be established by mere suspicion nor by association of the parties." Glass v. Com., 249 Ky. 757, 61 S. W. (2d) 629, 630; Smith v. Com., 270 Ky. 367, 109 S. W. (2d) 836; Sexton v. Com., 262 Ky. 636, 90 S. W. (2d) 999. It was said in the Glass case, "a conspiracy is almost necessarily established by welding into one chain circumstances which, when considered separately, are of themselves insufficient and inconclusive, but, when connected and examined as a whole, are sufficient to show it."

In the instant case there is no evidence tending to prove appellant and Crook agreed to commit the crime or even mentioned it between themselves prior to the shooting. Nor were any facts or circumstances proven tending to form a chain which links appellant with a

conspiracy. The only circumstances which connect appellant with the crime are that Johnson was seen with Crook in the church shortly before the shooting, and that the shots were fired from Johnson's pistol. But those facts standing alone were no evidence from which the jury reasonably could have inferred that a conspiracy existed between these two men, and a verdict based thereon was a result of surmise and speculation.

It was not incumbent upon the appellant to take the stand and explain how Crook happened to have the former's pistol, and a verdict should have been directed in his favor at the conclusion of the Commonwealth's evidence. However, he did testify and fully explained that fact. Before going into the church, Crook asked if appellant's pistol was one that his (Crook's) uncle formerly owned. When appellant answered in the affirmative and exhibited the pistol, Crook took it and went into the church where he fired it. After the shooting Johnson took the pistol from Crook a short distance from the church, reloaded it, returned to the church grounds and assisted the congregation in shutting the windows and doors, while Crook escaped into Clay County which was just a few yards from where the church was located in Laurel County.

The learned assistant attorney general who briefed the case for the Commonwealth frankly admits that the evidence will not sustain the conviction and that the court should have directed a verdict in favor of appellant at the conclusion of the Commonwealth's evidence.

Should the evidence be substantially the same upon another trial, the court will peremptorily instruct the jury to find Bud Johnson not guilty. The judgment is reversed for proceedings consistent with this opinion.