76 So.2d 785

**Wallace PHILLIPS**

v.

**STATE.**

**6 Div. 892.**

Court of Appeals of Alabama.

Dec. 28, 1954.

Geo. E. Trawick and Wm. W. Stewart, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Alfred Goldthwaite, Montgomery, of counsel, for the State.

**CARR, Presiding Judge.**

The indictment in this case charges that the appellant, Wallace Phillips, did conspire together with three other named persons to commit an assault with intent to rob. Title 14, § 99, Code 1940.

The jury found the appellant guilty of an assault and assessed a fine of $500. The trial judge added six months hard labor. Judgment was entered and sentence imposed accordingly.

The only question for our review is whether or not the offense of assault is included in the indicated indictment.

Title 15, § 323, Code 1940, provides:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

In 15 C.J.S., Conspiracy, § 47, pages 1072–1073, we find:

"A conspiracy to commit a crime, whether a felony or a misdemeanor, and whether the contemplated act is an offense at common law or under a stat-ute, is an indictable offense. The gist of the offense is the conspiracy, which is single, although the object is to commit several crimes. The conspiracy to commit the crime is a separate and distinct offense from the crime itself, in that the corpus delicti of the crime to be committed is the act itself, and of the conspiracy the conspiracy to do the act; and the fact that a person is not found guilty of the offense which he conspired with another to commit does not prevent his conviction of the conspiracy to commit it."

We adopted this rule in the case of Smith v. State, 8 Ala.App. 187, 62 So. 575, 577, and declared:

"A criminal conspiracy is a distinct, substantive offense, complete when the corrupt agreement is entered into. Such agreement is the very gist of the offense, and it is not necessary to a conviction for a conspiracy alone that any act should be done in pursuance of it."

See, also, Connelly v. State, 30 Ala.App. 91, 1 So.2d 606; Title 14, § 104, Code 1940.

We held in Connelly v. State, supra, that the corpus delicti of a conspiracy is established by proof of the meeting of the minds or tacit agreement of the conspirators.

The appellate courts of this state have applied section 323, Title 15, supra, in *many* cases. An examination of these authorities will lead to the inevitable conclusion that the lesser or minor offense was a necessary elemental part of the crime charged in the indictment. In other words, in an effort to make proof of the greater offense, the lesser crime was necessarily established.

We have refused to apply the provisions of the statute when this situation was not present or apparent. See Jarnigan v. State, 24 Ala.App. 153, 132 So. 48; Ashby v. State, 24 Ala.App. 466, 136 So. 483; Campbell v. State, 22 Ala.App. 493, 117 So. 396;

Fisher v. State, 46 Ala. 717; Bell v. State, 46 Ala. 684; Ray v. State, 126 Ala. 9, 28 So. 634; Knight v. State, 28 Ala.App. 489, 188 So. 79.

Not any of the above cited cases involve the offense of conspiracy, but we think they clearly indicate a pattern for those which do not come under the statute of instant concern.

So far as we are able to find, the courts of this state have not reviewed the identical question with which we are now confronted.

The code of the State of Kentucky, 437.-110, Revised Statutes, contains the following section:

"(1) No two or more persons shall confederate or band themselves together and go forth for the purpose of intimidating, alarming, disturbing or injuring any person, or of taking any person charged with a public offense from lawful custody with the view of inflicting punishment on him or of preventing his prosecution, or of doing any felonious act."

The prosecution in the case of Cobb v. Commonwealth, 242 Ky. 424, 46 S.W.2d 776, 777, was based on an alleged violation of this law. On appeal it was contended by appellant that the court should have given an instruction on assault and battery.

In response to the review the court held: " * * * an assault and battery is not a degree of the crime denounced by the statute under which the appellant was tried, for the essence of the offense is the conspiracy and its purpose, and not the assault or injury inflicted; hence no instruction on assault and battery should be given." See also, Slaven v. Commonwealth, 197 Ky. 790, 248 S.W. 214.

We think this is sound law.

The judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.