**Will HOLLIN, Delbert Baker and Edmond Baker, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

William J. Weaver, Lewis & Weaver, London, for appellants.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellants, Edmond Baker, Delbert Baker and Will Hollin, were convicted of voluntary manslaughter in connection with the death of William Humfleet. · Edmond Baker was sentenced to ten years in prison and Delbert Baker and Will Hollin were sentenced to twenty-one years' imprisonment. We must reverse the judgment because the evidence was wholly insufficient to connect them with the commission of the alleged crime.

 In a prosecution for murder, such as the instant case, the Commonwealth must establish the *corpus delicti* which consists of two elements: (1) A criminal act, and (2) the defendants' agency in the commission of such act. Thus, in the case at bar, the burden of proof was upon the prosecution to establish that Humfleet's death was produced by the criminal act of someone other than himself; that it was not the result of accidental or natural causes; and that the accused either committed the act which caused the victim's death or that the accused participated in the commission of the crime. Wharton's Criminal Evidence, Volume 1, Section 17; Bishop's New Criminal Procedure, Volume ·2, · Sections 1056–1060.

The evidence in the instant case established that William Humfleet met a violent death. This part of the *corpus delicti* is therefore beyond controversy. Who caused the death? This is the crucial question, and unless it is satisfactorily shown by the evidence that the death of Humfleet was produced by the criminal act or agency of the appellants or any of them, we need proceed no further with the consideration of the case. If this important matter be left in doubt, the foundation, of the prosecution is fatally deficient.

 The only evidence that remotely tends to connect the appellants with the alleged crime is their admission that they were with Humfleet approximately two hours before his body was found. This evidence does not establish that Humfleet's death was produced by the criminal act or agency of the appellants, which the law imperatively demands in support of a conviction. We must presume the appellants innocent until their guilt is established by evidence beyond a reasonable doubt. The presumption of innocence must be overcome, not by mere possibilities, conjectures or suspicious circumstances, but by satisfactory evidence.

██ We are constrained to hold that the evidence failed to show that the appellants, or any one of them, committed the alleged crime. Upon this point there was a total failure of proof. And since there was no evidence tending in any degree to establish that the accused were participants in the killing of Humfleet, the court erred in failing to direct a verdict acquitting them. By pursuing this course guilty persons may escape punishment which they deserve, but it is far better that it be thus than that some innocent person be punished.

In the event the evidence is substantially the same upon another trial, the court will direct the jury to find the appellants not guilty.

Since we anticipate the Commonwealth will retry the appellants under the present indictment, we think we should point out that the Court correctly ruled that the photographs of Humfleet's body were admissible. We reach this conclusion under the peculiar facts of this case because the photographs tend to show that Humfleet's death was not accidental, but that his death was due to a malicious and heinous attack upon his person.

The judgment is reversed and the conviction of each appellant is set aside, with directions to grant the appellants a new trial.

CAMMACK and MONTGOMERY, JJ., dissent.