**Graphy RATLIFF et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1966.

**729**

Jack L. Lewis, Paintsville, for appellants.

Robert Matthews, Atty. Gen., Harold T. Hotopp, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

The three appellants were jointly tried on a charge of aiding, abetting and assisting in the murder of one Huffman. They were each found guilty of manslaughter and sentenced to 15 years in the penitentiary.

The appellants, with James Ratliff (who was likewise found guilty), were riding around early one morning in a car driven by Huffman. There had been considerable drinking. Ratliff and Huffman got into an argument, got out of the car, and after a scuffle Huffman was stabbed in the heart. There is some question concerning what other members of the party were out of the car at the time. Huffman was put back in the car and the party was picked up by the police in Paintsville as the result of a traffic violation. At that time one of the appellants is said to have stated, "you-uns know you killed him".

It is evident that Ratliff was the most likely person in the party to have killed Huffman by stabbing him. The theory of the Commonwealth is that the appellants participated in a plan to promote an altercation between Ratliff and Huffman and that they may have actively participated in the actual killing. The evidence against them is practically all circumstantial. It appears that one of the appellants (Graphy Ratliff) was married to James Ratliff and had been quite friendly with the deceased Huffman.

Our first question is whether there was sufficient evidence to sustain the verdict. Certainly there was ample evidence to support a jury finding that Huffman was killed in appellants' presence. While the statement of one of the appellants that "you-uns killed him" would tend to implicate one or both of the other two appel-

lants (with Ratliff) as participants in the killing, it is too vague to implicate any particular person. This same appellant testified that appellant Holloway "rolled out of the car" at about the same time Huffman and Ratliff did, but no other participation by Holloway is shown. There is testimony that Ratliff had stated that all three appellants were out of the car at the time of the altercation, but this does not prove they committed a crime. While a jury could reasonably infer that appellants encouraged or permitted a fight between Ratliff and Huffman, it is entirely speculative that they could anticipate this fight would result in a fatality.

We do not believe the Commonwealth produced any evidence of substance which established that appellants committed a criminal act. See Hollin v. Commonwealth, Ky., 307 S.W.2d 910. Their mere presence at the scene, or their occupancy of the automobile in which the deceased Huffman was transported, was not enough. Certainly there was no evidence to justify a conviction of manslaughter (which involves a killing in sudden heat and passion or in sudden affray). The trial court should have directed a verdict for appellants and the judgment must be reversed on this ground.

We believe it proper to comment on one other issue raised on this appeal since the question would doubtless be raised in the event of a new trial. It is contended that appellants' constitutional rights were violated when the statements of two of them were taken and reduced to writing during the investigation of this crime. These statements were admissible (they were in no sense confessions) either on the ground that the parties giving the statements were not accused of a crime, or the statements were voluntarily given after due protection of appellants' constitutional rights.

We do not pass on other questions raised.

The judgment is reversed. In the event of a new trial, if the evidence is substantially the same, the trial court will direct a verdict for the appellants.