**John Roy JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellant.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

John Roy Johnson appeals from a judgment which sentenced him to a term of 21 years pursuant to a verdict convicting him of voluntary manslaughter in the death of one Lester Mullins. His primary contention is that the evidence was insufficient to warrant submission of the case to the jury. We agree.

Johnson and one Charles Houston were indicted jointly for the murder of Mullins. Johnson's motion for a separate trial was sustained and he was tried separately. Houston did not testify at Johnson's trial so the jury had only Johnson's version of how Mullins' death occurred, plus the circumstantial evidence produced by the Commonwealth.

The evidence for the Commonwealth was that Johnson, Houston and Mullins embarked one evening upon a venture of drinking and driving in Mullins' car. During the period from 7:30 to 8:00 p.m. they were seen together in the car by a number of different persons, at different places. The evidence strongly indicated that Mullins at all times, until they reached the place where he met his death, was the driver of the car; Houston rode in the right front seat, and Johnson in the back. At one place, around 7:30, a witness saw two of the three men scuffling or punching each other but the witness did not know which ones they were. At two of the places where they were observed they appeared to be well inebriated and the car was being operated erratically. Finally, around 8:00 p.m., the car was observed by a witness in a stopped position in the road in front of Houston's home (on a country road). The witness saw two men standing in front of the car; one of them, who "favored" Houston, "walked over the bank" and disappeared; the other, whom the witness identified as being Johnson, came to the car, got in the driver's seat after appearing to have moved something from the seat, and after a few minutes drove the car a few feet along the road, stopped, and then drove it off to the side of the road so that the witness could pass in his car. Later the sheriff's office was called by some unidentified person and told that Mullins' "body" was in a car in front of the Houston home. Upon arriving at the scene the officers found Mullins dead in the front seat of the car, from a stab wound in the chest apparently made by a large knife. The officers then went to the Houston home where they arrested Houston. Shortly thereafter they located Johnson sleeping in a barn nearby. Upon his being arrested he said, "Boys, I didn't have anything to do with that over there." He told the officers that Houston had killed Mullins while he (Johnson) was out of the car.

Johnson's testimony was that when the car arrived in front of the Houston home Houston and Mullins started fighting or

quarreling over the remaining supply of whiskey. Johnson was unable to stop the fight so he got out of the car and walked up the road a short distance. He could hear the sounds of scuffling or struggling and then the sounds ceased. He returned toward the car and found Houston standing by the front of the car. Houston made as if to say something and then turned and walked away. Johnson then looked in the car and observed Mullins was bleeding "right smart." He got in the seat with the view of driving to a hospital but Mullins was unable to speak and appeared to have died, so he decided to summon an ambulance. He walked to the nearby home of Houston's father, where he found Houston. He was told that an ambulance already had been called. Houston advised him to change or wash his shirt. He did not do so but headed to the barn to sleep and to "sober up." The next morning, in the jail, he did wash his shirt but there was no blood on it. (No one testified to having seen blood on the shirt.)

As will have been observed from the foregoing recitation, the evidence showed little more than that Johnson was at or near the scene when Mullins was killed. It is argued by the Commonwealth that inferences of Johnson's guilt can be drawn from the evidence that he and Mullins may have been the two who were seen scuffling in the car at 7:30; that when arrested Johnson had blood on his lip and on his right hand; that Johnson moved the car so that the witness Onas Patton could get by on the road without Johnson's telling Patton that Mullins was then dead or dying; that Johnson got together with Houston after the killing and made no comment to Houston's suggestion that he wash or throw away his shirt; and that Johnson concealed himself in the Houston barn in an effort to avoid arrest. The difficulty is that none of this evidence is more consistent with guilt than with innocence. As concerns the scuffling the evidence is only that Johnson *could have been* one of the participants. As concerns the

blood, there was evidence by two disinterested witnesses that Johnson had a bad fever blister on his lip, and he had a plausible explanation for the blood on his hand in that he said he put his arm around Mullins and tried to prop him up when he found him dying in the car. Johnson's actions after Mullins' death were not particularly inconsistent with innocence especially when it is borne in mind that Johnson was in an advanced stage of inebriation.

In the overall evaluation of the circumstances and inferences, some consideration must be given to the fact that Houston did not choose to appear as a witness and deny Johnson's testimony that Houston did the killing.

We think this case cannot be distinguished from Ratliff v. Commonwealth, Ky., 406 S.W.2d 728. There one member of a five-man drinking and motoring party was killed by stabbing. The remaining four all were indicted. Three of them pointed the accusing finger at the fourth. All were convicted. This court reversed the convictions of the three, holding that their mere presence at the scene, and their occupancy of the automobile in which the victim was transported after being stabbed, did not constitute sufficient evidence to sustain a conviction.

The trial court in the instant case submitted instructions on conspiracy and on aiding and abetting in addition to the instructions covering guilt as a principal. In our opinion the evidence was not sufficient to sustain a conviction on any of those theories. If upon another trial the evidence is substantially the same the trial court will direct a verdict for the defendant.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.