**Raymond BOOTH, Juanlta Booth, Mae Gray and Dollie McIntyre, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1967.

Lloyd A. MacDonald, William T. Walton, MacDonald & Walton, Flemingsburg, for appellants.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment of the Fleming Circuit Court finding four appellants guilty under three indictments. Raymond Booth was convicted of false swearing under KRS 432.170 and sentenced to one year in the penitentiary. Juanita Booth was convicted of subornation of perjury under KRS 432.180, and sentenced to one year in the penitentiary. Juanita Booth, Mae Gray and Dollie McIntyre were found guilty of conspiracy to present perjured testimony under KRS 437.110. Juanita Booth was fined $2000, Dollie McIntyre $1000, and Mae Gray $1000 and was given a 30-day jail sentence.

The evidence produced in this case is extensive and confusing. On March 29, 1966, all of the appellants were present at the Booth home. There were certain disturbances and the sheriff was called. As a result of his visit to the Booth home two local men were arrested, Hanley Tucker and Eddie Wayne Zornes. The next day the appellants appeared before the Fleming County Grand Jury and testified against these two men. Raymond testified that he saw them running away from the farm, and the rest testified to various elements of the previous night's disturbance. Indictments were returned against those accused. Subsequently these indictments were dropped, and the appellants herein were indicted and tried on the basis of their testimony before the grand jury.

The Commonwealth's evidence is of three types: First, the testimony of each of the accused corroborated by one or more relatives that they were at home at the time of the disturbance; secondly, evidence that part of the disturbance was caused by some of the appellants, and finally, evidence of previous ill feelings between the appellants and those accused.

To prove the crime of false swearing it must be shown not only that the statements sworn to were false but that the defendant knew they were false at the time he made them. Greenwell v. Commonwealth, Ky., 316 S.W.2d 353. The Commonwealth's proof herein shows that the statement was false by the testimony that those identified were elsewhere at the time. But the only proof presented that Raymond knew that it was false was that of the surrounding circumstances. The fact that those accused were elsewhere is as consistent with mistaken identification as it is with a statement known to be false at the time it was made. Mistaken identification is a prevalent fact of life in trials of all sorts and is not the type of willful false swearing that is denounced by KRS 432.170. Greenwell v. Commonwealth, supra, and Johnson v. Featherstone, 141 Ky. 793, 133 S.W. 753.

The Commonwealth attempts to show this knowledge by showing previous misunderstandings and the fact that Raymond pointed out bullet holes that some of the other appellants had made to the sheriff as being caused by the accused. The overall testimony indicates that he very likely was unaware of the activities of the others and

honestly believed what he said at the time he said it. The totality of proof is as consistent with a mistaken identification as it is with a willfully false statement. This does not meet the burden of proof required to sustain a guilty verdict. Rose v. Commonwealth, Ky., 385 S.W.2d 202 and Brown v. Commonwealth, Ky., 340 S.W.2d 471. Indeed this is even more necessary in a perjury case for as was said in Goslin v. Commonwealth, 121 Ky. 698, 90 S.W. 223, " * * * it is a matter of first importance in the administration of justice that witnesses should feel themselves safe in testifying to their own conception, recollection, and honest belief as to the fact forming the subject of inquiry in the courts." The facts in this case are similar to those in Thompson v. Commonwealth, 239 Ky. 627, 40 S.W.2d 287, where the testimony is suspicious but the proof just isn't adequate to sustain a criminal conviction for false swearing.

■ This disposes of the other convictions as well. Juanita Booth was convicted of suborning Raymond Booth or two others not indicted to give perjured testimony. It simply wasn't shown that the others perjured themselves, and we have found above that the evidence doesn't show that Raymond Booth gave perjured testimony. Even if they had, the evidence of subornation is strictly inferential. The evidence of the conspiracy count is based on their presence at the home the preceding night, alleged bad feelings toward those accused and slight inconsistencies in the testimony of the appellants. It nowhere rises to that level required to sustain a conviction. Johnson v. Commonwealth, 295 Ky. 520, 174 S.W.2d 769.

■ The conviction of Raymond Booth for false swearing and of Juanita Booth for subornation of perjury are reversed for the reasons set out above. Although the convictions of Juanita Booth, Mae Gray and Dollie McIntyre for conspiracy are equally erroneous, we are unable to reverse them. They were convicted of a misdemeanor and failed to file a motion for appeal within the proper time as required by KRS 21.140 and RCr 12.52. Where a motion for appeal is required, it is jurisdictional. Hopper v. Commonwealth, 309 Ky. 288, 217 S.W.2d 640 (1949); Pickett v. Commonwealth, 293 Ky. 842, 170 S.W.2d 876 (1943), and Adams v. Commonwealth, 285 Ky. 803, 149 S.W.2d 727 (1941). This rule must stand regardless of the manifest injustice of this situation, for what is jurisdictional can not be waived. This seems to be a situation where executive clemency would be extremely proper.

The judgment is reversed as to Raymond Booth on false swearing and Juanita Booth on subornation of perjury.

The judgment is affirmed as to Juanita Booth, Mae Gray and Dollie McIntyre on conspiracy.

All concur.