**Billie Frank GREER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 29, 1970.

David Kaplan, Stuart L. Lyon, Edward T. Brady, Jr., Kaplan, Lyon & Brady, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of illegal possession of marihuana as denounced by KRS 218.020 and fined $200.00 and sentenced to serve two years in the state penitentiary pursuant to KRS 218.210. He contends that: (1) the trial court erred in failing to sustain his motion to quash the search warrant and to suppress the evidence found as a result of the search; (2) the Commonwealth's evidence failed to estab-

lish appellant's guilt beyond a reasonable doubt and; (3) the Commonwealth's Attorney's opening statement of the case and his closing argument to the jury were inflammatory and prejudicial.

The evidence shows that during the evening of May 8, 1968, appellant was arrested after a bag of marihuana was found in his suitcase at a Louisville apartment house where he and other visitors had gathered. The search of the apartment was conducted under a search warrant for contraband narcotics that were allegedly hidden there. While the search of the apartment was in progress a suitcase was found which appellant admitted belonged to him. According to the evidence introduced in behalf of the Commonwealth, appellant consented to his suitcase being searched. Unfortunately for appellant, the police found marihuana stashed therein.

The contention that the trial judge should have quashed the search warrant is predicated upon the theory that the affidavit upon which it is based is defective in several respects. We need not further pursue the contention because the affidavit and search warrant are not in the record to substantiate the asserted claims. In the absence of the affidavit or a copy thereof in the record, the affidavit is presumed sufficient and the search warrant deemed valid. Jarrett v. Commonwealth, Ky., 434 S.W.2d 808, and Miller v. Commonwealth, Ky., 432 S.W.2d 638.

Appellant next contends that the evidence was insufficient to support a conviction of possession of marihuana. In support thereof he relies upon Johnson v. Commonwealth, Ky., 419 S.W.2d 546, and Booth v. Commonwealth, Ky., 419 S.W.2d 739. In Johnson, supra, the court found that the evidence was as consistent with innocence as it was with guilt and reversed the conviction because the evidence was insufficient to support a finding of guilt. In Booth, supra, the court decided that there no evidence whatsoever to sustain the conviction of perjury. These cases are not applicable because in the instant case there

was direct and convincing testimony from the police officers that they found a bag of marihuana in appellant's suitcase.

 Appellant did not attempt to explain the fact that marihuana was found in his suitcase, nor did he specifically deny that he told the police they could search it. He merely stated that he was not present when the police searched his suitcase. Assuming that his testimony contradicted that of the police, the evidence in its totality created a jury issue as to whether he was unlawfully in possession of marihuana. We hold that the evidence was sufficient to take the case to the jury and to sustain the verdict rendered in the case.

Appellant finally contends that the Assistant Commonwealth's Attorney during his opening statement and closing argument to the jury made references to "addicts" and that these remarks were made for the purpose of inflaming the jurors' minds against him.

We find there is no basis for this contention because the word "addicts" does not appear in the record. However, the following language appears in the closing summation to the jury:

"* * * Now, this is not a case to be taken lightly. The possession of narcotics and the use of narcotics in this country are growing—

"MR. KAPLAN [Counsel for appellant] I object to this remark, Judge.

"THE COURT: Overruled. The jury has been instructed as to this charge and reasonable comment is permitted in the summation.

"MR. CLARK: [Assistant Commonwealth's Attorney] (continuing) It is up to you people to see that this threat is not spread any more than it already has. You know from reading countless newspapers and magazines, and probably from some study that you may have made, that the use of narcotics has spread and without question has increased the crime rate in this country.

"MR. KAPLAN AND MR. BRADY: Objection. Objection.

"THE COURT: Overruled.

"MR. CLARK: (continuing) There is good reason to be alarmed at the spread of narcotics. The only way to stem it is to convict the persons who have it in their possession and control.

"The attorney for the defense mentioned the fact that some other people were arrested and charged with possession of narcotics, but he failed to tell you that at least two of them were convicted.

"MR. KAPLAN: We object to that. That's outside the record and has no place in this case today.

"THE COURT: Overruled.

"MR. CLARK: (continuing) There was a lot of noise about the fact that this man being a hippie. There was no evidence on the part of the prosecution in regard to this. Maybe he's a hippie. I don't know whether he is or not. I don't know what the definition of a hippie is, but I do know what the definition of marihuana is. And I do know that in this case the defendant was found with marihuana in his possession.

" * * *.

"THE COURT: The Court wishes to admonish you at this time not to consider any of the summation made by Mr. Clark concerning this case other than the unlawful possession of narcotics. This charge is unlawful possession, and that only. Many times the attorneys on both sides wander afield to some extent, but the jury heard the evidence and this charge is unlawful possession of narcotics, and not anything other than that.

"Now, the sheriff will take you to your jury room and there you will begin your deliberations.

"* * *."

The appellant relies on Brown v. Commonwealth, Ky., 357 S.W.2d 681, as dispos-

itive of this issue. However, in Brown the court pointed out:

"* * *. It is not improper to refer to the prevalence of crime in the community and to plead for the imposition of severe penalties as a method of stopping a crime wave. * * *."

 Appellee urges that the remarks by the Commonwealth's Attorney were nothing more than a general denunciation of the practice of trafficking in marihuana, but if improper comment were made, it was corrected by the court's admonitions that appellant was on trial for the offense of unlawful possession of marihuana, not anything other than that.

We agree that the Assistant Commonwealth's Attorney's statement of the case and his argument to the jury did not violate our concept of a reasonable presentation of the case to the jury.

Consequently, after a thorough review of the record in light of the grounds urged for reversal, we conclude that the record fails to disclose prejudicial error. Under RCr 9.26 we must uphold the conviction.

The judgment is affirmed.

All concur.